(16 Misc. Rep. 306.)

### In re GUESS.

(Supreme Court, Special Term, Kings County. March, 1896.)

1. MANDAMUS—ELECTIONS AND VOTERS—AFFIDAVIT.

In mandamus to compel a political association to place upon its rolls one who swears that he is an adherent of that party and its principles, that he supported its ticket at the last election, and intends to support its principles and candidates in the future, counter affidavits, on information and belief, that he is not an adherent of that party are insufficient.

2. ELECTIONS AND VOTERS—QUALIFICATIONS—COURTS—JURISDICTION.

The election law (section 53), providing that "no person shall be entitled to vote at any primary unless he may be qualified to vote for the officers to be nominated thereat, on the day of election," and possess such other qualifications "as shall be authorized by the regulations and usages of the party holding the primary," gives the courts jurisdiction to compel a political association to place on its rolls one who has complied with such "regulations and usages."

Application of Charles Guess for a writ of mandamus to compel a political association to place him on its rolls. Granted.

Roger M. Sherman, for petitioner.
C. H. Young, for defendants.

GAYNOR, J. The petitioner asks for a writ of mandamus to compel the individuals who constitute the enrollment committee of the Republication Association of the First ward of the city of Mount Vernon to place him upon the rolls of the said association.

He has applied to them to be so enrolled, but they have refused, for the stated reason that he is not an adherent of the Republican party, but of the Democratic party. The petitioner swears that he is an adherent of the Republican party and its principles, that he supported its ticket at the last election, and intends to support its principles and candidates in the future. This explicit declaration is met by affidavits which contain much that is vague and irrelevant. That he was a Democrat in 1892 or in 1894 does not tend to show that he did not support the Republican party at the last election, or that he does not intend to do so in the future. The statement in the affidavit of Glover that it was "known and stated by some of the members of the committee" that the petitioner voted the Democratic ticket last fall, is too indefinite. If false, it would be quite impossible to predicate perjury upon it. Nor can he say that the fact was known to some of the members of the committee. His denial upon information and belief that the petitioner is attached to the principles of the Republican party, and that he supported its ticket last fall, is worthless. Only positive statements of fact are considered in mandamus proceedings. Unspecific and indefinite statements and denials, or statements and denials upon information and belief, are worthless. Merrill, Mand. § 274; Spell. Extr. Relief, § 1664; People v. Common Council of City of Brooklyn, 77 N. Y. 503. His denial that he knew the petitioner was a Republican is of no consequence. He could say the same of many Republicans. His denial in gross that the petitioner possesses the qualifications required by law, as well as by the regulations and usages of the Republican party, has no force. That is a conclusion which can only be drawn from the facts, but he gives no facts. The petitioner states what the requirements are, and specifically states the facts which, if true, show that he possesses them. Pease says he "has known" the petitioner "to be a Democrat, who always supported loyally the full Democratic ticket." This is very loose. He "has known" him to support the Democratic ticket, it may be; but this does not meet the specific statement of the petitioner that he changed to the Republican party last fall, and supported its ticket and principles, and now adheres to its principles. Pease also says that last fall, on election day, he "asked and urged" the petitioner to vote for Hodge, who was among those running for office on the Republican ticket, and that the petitioner "consented to split his ticket," and vote for Hodge. This seems to be intentionally adroit instead of specific. Why is not the fact of what the petitioner said given so that the court may draw the conclusion? Though the petitioner's allegations are met only in this vague and dubious manner, I have concluded to allow only an alternative writ, for it is a difficult matter to prove or disprove a man's politics. The question of fact can be better and more safely decided by a jury or court of the vicinage. Besides, if a false return be made, the petitioner may be in a position to get redress, which he is not in now.

The court has jurisdiction of the plaintiff's alleged grievance. Political primaries are now under the sanction and control of the

law. Section 53 of the election law is as follows: "No person shall be entitled to vote at any primary unless he may be qualified to vote for the officers to be nominated thereat, on the day of election. They shall possess such other qualifications as shall be authorized by the regulations and usages of the party holding the primary." The Republican city committee of Mount Vernon is the controlling organization of the Republican party there. Article 8 of its constitution provides that Republican voters shall not be entitled to vote at primaries "unless duly enrolled"; and on January 7, 1896, it passed a resolution that no one should be enrolled or vote at a primary who had not voted the ticket of the Republican party at the last preceding election. It may well be doubted whether this latter condition is reasonable or lawful, in view of the secrecy of voting required by law. May a voter be thus compelled to disclose how he voted? But the petitioner has accepted the condition, and I therefore do not decide the question. It is the legal right of a party voter to vote at the primaries of his party. It is there that candidates for office are selected in the manner prescribed by law, and voters cannot be arbitrarily excluded from them. The selection of proper candidates is more important than the subsequent voting for them. The question whether the petitioner is entitled to be enrolled and to vote at the primaries does not depend upon the discretion nor upon the decision of the respondents, but upon the fact of whether he possesses the requirements.

Let an alternative writ issue.