THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS BECK, Respondent, *v.* BIRD S. COLER, Comptroller of the City of New York, and WALTER H. HOLT, Auditor of Accounts Detailed to the Borough Hall in the Borough of Richmond, Appellants.

*Mandamus — issued to compel a ministerial officer to pay where the right is clear, although there exists a remedy at law —* prima facie *case — what averments in an answer are insufficient — supervisory power of the comptroller of New York.*

The rule that a mandamus will not be granted where the party has a remedy by action is one addressed to the sound discretion of the court and is not of universal application; and where the right of a party to payment is clear and there are funds on hand applicable to such payment, the court may and will, in the exercise of a sound discretion, compel by mandamus a ministerial municipal officer to audit and pay the claim, although, if the city itself repudiated or denied the existence of the obligation, the rule would be different.

Where, on an application by a contractor for a mandamus to compel the payment of an amount due him under a contract for the erection of a schoolhouse within the limits of Greater New York, it appears that money for the construction of the schoolhouse was raised by the issue of bonds of the school district, and that the proceeds were paid to the comptroller before the time of the application, the relator has made out a *prima facie* case.

While the rule is strict that all facts averred in answer to an application for a peremptory writ, whether of an affirmative character or merely denials, must be taken as true, the rule is equally strict that affirmations which are only conclusions of law or fact, or are indefinite or general statements, are of no avail and worthless; and a denial in gross, without stating facts, is a mere conclusion.

The comptroller of the city of New York, in the absence of fraud or illegality, has no general supervision over the conduct of other officers or departments of the city.

APPEAL by the defendants, Bird S. Coler, comptroller of the city of New York, and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 1st day of June, 1898, granting the plaintiff's motion for a peremptory writ of mandamus directed to the defendants, commanding them to examine the relator's claim and to audit and allow on said claim eighty-five per cent of the value of the work performed and materials furnished by the relator, not exceeding the sum of $750, as certified to the said defendants by the engineer and architect.

*Almet F. Jenks* [*R. Percy Chittenden* with him on the brief], for the appellants.

*George J. Greenfield*, for the respondent.

CULLEN, J.:

On December 10, 1897, at a meeting of the inhabitants of school district No. 1 of the towns of Castleton and Middletown, Richmond county, a resolution was passed authorizing the trustees of the school district to purchase a new site and build a new schoolhouse thereon, and for that purpose to raise the sum of $80,000 by tax upon the district. Thereafter the trustees of the school district entered into a contract with the relator for the construction of the school building for the sum of $79,500, payments to be made as the work progressed, on the certificate of the engineer and the architect in charge of the construction of the building. The relator commenced the prosecution of the work, and in February, 1898, received a certificate from the engineer and the architect that he was entitled to a payment of at least the sum of $750. This certificate was presented to the comptroller for payment, and to the auditor of the borough for audit. The comptroller refused payment, and the auditor declined to act on the claim. Thereupon the relator applied to the Special Term for a writ of mandamus to the auditor and comptroller to ascertain and certify the value of the work performed and materials furnished by the relator under his contract, and to audit and allow such value as ascertained, not exceeding the amount certified by the engineer and the architect. From an order granting the writ of mandamus as prayed for, this appeal is taken.

The first claim of the appellants is that the relator's remedy is by action and not by mandamus. The rule that a mandamus will not be granted where the party has a remedy by action is one addressed to the sound discretion of the court, and is not of universal application. Thus in *Matter of Freel* (148 N. Y. 165). the comptroller of the city of Brooklyn was required by a writ of peremptory mandamus to approve the relator's claim for work and material furnished under a contract with the city for the construction of a reservoir, and to make and sign a warrant for its payment. There was no question in that case but that the relator might have sued the city for the claim in an action at law. In *People ex rel. Kings*

*Co. Gas Co.* v. *Schieren* (89 Hun, 220) a writ of mandamus was issued against the comptroller and auditor to examine the relator's claim for gas furnished under a contract with the city, and to certify the value thereof. Undoubtedly, also, in this case an action on the claim would lie. We are of opinion that, where the right of a party to payment from the city is clear, and there are funds on hand applicable to such payment, the court may and will, in the exercise of a sound discretion, compel by mandamus a ministerial officer to audit and pay the claim; though if the city itself repudiated or denied the existence of the obligation, the rule would be different. In the present case money for the construction of the schoolhouse was raised by the issue of bonds of the school district, and the proceeds were paid to the comptroller before the time of the relator's application. The relator, therefore, made out a *prima facie* case and was entitled to the writ, unless the affidavits on behalf of the comptroller and auditor showed sufficient cause to the contrary.

The affidavit of Mr. Coler states that he has examined the minutes of the meeting of the board of school trustees, and that from those minutes it appears that $5,500 was paid for the new site, a plot of about two acres, while the assessed value of the land was only $250 an acre; that a resolution was passed that the new schoolhouse should be built on the old site, and that the resolution authorizing the expenditure for the new schoolhouse was void, because it was passed by the votes of persons who were not qualified by law to vote on the question; that the plans of the schoolhouse are unnecessarily elaborate and ornate, and not adapted to practical purposes, and that the sum bid for the work is excessive. The rule undoubtedly is that when a party moves for a peremptory mandamus in the first instance, all allegations of fact in the opposing papers sufficiently made must be assumed as true. But in this case, by the stipulation of the parties, a certified copy of the minutes of the meetings of the school district was presented to the Special Term, and is before us on this appeal. The affiant Coler had no personal knowledge of the action of the meetings of the voters of the school district, or of the trustees, but his statements are based solely on an inspection of the records of those meetings. Therefore, where the records are in conflict with the affidavit, the former

must be accepted as true, and the latter considered insufficient to raise any issue of fact. The record shows that the resolution to build the new schoolhouse on the old site was not carried, but lost. The allegation in the affidavit of the comptroller that the resolution to erect a new schoolhouse was passed by the votes of persons not qualified is a mere statement of a conclusion of law and insufficient. The record of the meetings of the voters of the school district gives the name of every person voting for or against the resolution, and shows that the resolution was carried by a majority vote. The affidavits in opposition to the relator's application do not name a single voter who it is claimed was not qualified to vote, nor do they state for what reasons any voter was so disqualified. For aught that appears in these affidavits, there may be no dispute whatever as to the facts relative to the qualification of these voters, and the statement in the affidavit that voters were disqualified may be based solely on the affiant's interpretation of the law on the subject; an interpretation which it is impossible for the court to say was either correct or erroneous, as it is not stated what that interpretation was. While the rule is strict that all facts averred in answer to an application for a peremptory writ, whether of an affirmative character or merely denials, must be taken as true, the rule is equally strict that "Affirmations which are only conclusions of law or fact, or are indefinite or general statements, are of no avail and worthless," and "A denial in gross without stating facts is a mere conclusion." (*Matter of Freel,* 73 N. Y. St. Repr. 331; *Matter of Guess,* 16 Misc. Rep. 306.) Nor are the allegations of the extravagance of the proposed improvement and its lack of utility, sufficient to defeat the relator's claim. No allegation whatever of fraud is made. It may be that the site selected for the new schoolhouse is ill chosen and that the plans for the building are ill advised; but those were matters for the voters of the school district to pass upon, and their action, taken in good faith and under authority of law, is not subject to review by the comptroller of the city. The opposing affidavits, therefore, stated no fact sufficient to defeat the relator's claim, and his right was clear.

The case is to be distinguished from that of *People ex rel. Paving Co.* v. *Mooney* (4 App. Div. 557). There it was sought by writ of mandamus to compel the board of public works of the

city of Buffalo to execute a contract which had been awarded the relator, as the lowest bidder, for paving a street in that city. It appeared in opposition to the application that since the adoption of the resolution to pave the street, it had been determined to convert the street into a boulevard and a part of the park system of the city. The application was denied and the relator left to his remedy by action, on the ground that the board of public works was justified in refusing to prosecute an improvement which was shortly afterward to be rendered valueless. We assume that a municipal corporation, the same as an individual, may at any stage decline to prosecute an improvement for the carrying out of which it has contracted; remaining, of course, liable to the contractor for damages for breach of the contract. But in this case the city has taken no such action. The respondents in the Buffalo case constituted that department of the city government which had, subject to the common council, control and management of the public work the prosecution of which it was sought to compel. It may be that in the present case the board of education or the school board of the borough might suspend or terminate the construction of the new schoolhouse; but in the absence of fraud or illegality the comptroller has no general supervision over the conduct of other officers or departments of the city. If the further prosecution of a public work is unwise and should be abandoned, it is for the proper department, not the comptroller, to determine that question. The construction of the new schoolhouse was entered upon, and the contract with the relator for its construction made, in pursuance of law. Until the proper city authorities have determined to abandon the work, the comptroller must properly discharge the duties relating thereto, imposed upon him by law.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.