(26 Misc. Rep. 509.)

### PEOPLE ex rel. CRANFORD et al. v. COLER.

(Supreme Court, Special Term, New York County.   February, 1899.)

MUNICIPALITIES—PAVING CONTRACTS—CERTIFICATE OF PERFORMANCE.
    In the absence of fraud in the certificate of performance of a paving contract, or of a showing that the work called for was not performed or that it was not of the general character required, the city cannot resist payment because the concrete used did not come up to the contract, and was not properly prepared, and the stone and cement were not of the

kind called for, and the binder course and wearing surface of asphalt were not of the proper quality and thickness.

Mandamus by the people, on the relation of John P. Cranford and others, against Bird S. Coler, as comptroller, etc. Peremptory writ granted.

Kellogg, Rose & Smith, for the motion.

John Whalen (Charles Blandy, of counsel), opposed.

SCOTT, J. This is an application for a writ of peremptory mandamus directed to the defendant, requiring him to pay to the relators the amount alleged to have been earned by them under a contract made by the city of Brooklyn for the paving of Belmont avenue, in that city. The defendant does not deny the execution of the contract, or that work under it has been completed, or that the proper officers have given the necessary certificates, or that the city of New York is in possession of funds applicable to the payment. Since the decision of the court of appeals in Re Freel, 148 N. Y. 165, 42 N. E. 586, it is no longer open to question that a contract liability may be enforced against a municipal corporation by a writ of mandamus. The issuance of such a writ, however, is not a matter of strict right, but rests in the sound discretion of the court, which should not be exercised in favor of a claimant where any facts are presented which suggest a probability, or even a strong possibility, that the city might be able, in an action, to interpose a successful defense to the whole or any part of the claim. So, too, in applications like the present, the usual rule must be applied, that all allegations of fact in the opposing papers, sufficiently made, must be assumed to be true. People v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639. In the present case the papers presented by the relators make out a prima facie case for the issuance of the writ, and it remains only to be considered whether the facts alleged in the opposing affidavits, assuming them to be true, justify a denial of the application. The defendant swears that, "from reports made by the engineers in the finance department and in the office of the commissioners of accounts, I charge, and verily believe the fact to be, that the final certificate, a copy of which is attached to the affidavit of Walter V. Cranford, and marked 'Exhibit A,' is false, fraudulent, and untrue." It is obvious that this affidavit states no fact, except as to what the affiant believes. The grounds of his belief are not laid before the court, and no statement is made as to the particular frauds which are believed to have been perpetrated in making up the final certificate. An assistant in the office of the corporation counsel swears, upon information and belief, that on June 21, 1898, the commissioners of accounts made a report to the mayor in regard to the performance of the work and the materials used, and that on the same day the mayor transmitted said report to the commissioner of highways, and that 44 days afterwards the final certificate was issued. The significance of this affidavit is not apparent. It is utterly silent as to what was contained in the report of the commissioners of accounts, or even whether it was laudatory or condemnatory of the work done and materials used. There are also presented two affidavits of engineers,—one in the employ of the

finance department, and one in the employ of the commissioners of accounts.   One of them alleges:

"That the work performed [by the relators] was not in compliance with the contract, but, on the contrary, it constitutes a fraud upon the city of New York. The concrete used in connection with this work does not come up to the contract requirements, in that the same was not properly prepared, in regard to the composition of the same.  The stone used at the places where I made my examinations was not the stone called for by the contract, and the cement used at the same places was inefficient in binding the stone together.  It was not the cement called for in the specification.  The binder course is not of the proper quality and thickness, and the wearing surface of asphalt mastic is not of the thickness required by the contract, at the locations where I opened the pavement."

The other engineer is less specific.   He says:

"I charge the fact to be that the work under said contract has not been performed in accordance with the provisions and specifications of said contract. The concrete used for foundation upon which the asphalt is to be laid was not properly mixed, and the materials of which said concrete is composed are not such as are required by the contract."

As has been said, all these statements of fact must be taken as true; and the question is whether or not, assuming them to be true, they afford an answer to the application.  It will be observed that none of the affidavits charge what may be termed actual fraud on the part of any official who granted a certificate of performance of the contract; nor is it alleged that the work called for by the contract was not performed, or that it was not of the general character required. Nor is any question made as to the total amounts of materials allowed for in the final certificate.  The claim is the same that was asserted in Quinn v. City of New York, 16 App. Div. 408, 45 N. Y. Supp. 7, to wit:

"That, although the materials furnished were of the general kind required by the contract, and the pavement was laid generally in the way that the contract directed, yet the materials furnished were not good of their kind, and were not properly put into the pavement, so that the work, when completed, was not of the quality required by the contract."

As to this claim, the appellate division said:

"We do not think that the estoppel certificate, so-called, gives the defendant the right to raise these questions.  *  *  *  The certificate of the engineer and the acceptance of the commissioner of public works are the criteria by which it must be judged whether the work was good of its kind; and if that certificate has been given, and the work has been accepted, then, in the absence of fraud or palpable mistake, the plaintiff may insist upon the certificate, and the defendant cannot question it."

The Quinn Case arose under a contract which contained the clause common to all contracts entered into by the old city of New York, that neither the city, nor any department or officer thereof, should be precluded or estopped by any return or certificate made or given by the city or any engineer or other officer "from at any time showing the true and correct amount and character of the work which shall have been done and materials which shall have been furnished by the contractor."  The contract involved in the present application, which was made by the former city of Brooklyn, contains no such reservation in favor of the city, and there is therefore less foundation for such a defense as is suggested in the opposing affidavits than there was

in the Quinn Case. That case is on all fours with the present, and, while it but reiterates principles which have been established by many prior decisions, it does so in such precise and apposite language, that it furnishes the most appropriate, as well as one of the most recent, authorities to guide the court in acting upon the pending motion. .The learned corporation counsel has called my attention to no case which overrules, questions, or modifies the decision in Quinn v. City of New York; and, applying it to the facts alleged in opposition to the present motion, it is apparent that, even assuming them to be true, they would furnish no defense, if the relators were driven to seek their remedy by action. Under these circumstances, I see no course open, except to grant the motion, with $10 costs.

Motion granted, with $10 costs.