Matter of the Application of BERT REISS for a Writ of Mandamus against THE AMERICAN SPIRITS MANUFACTURING Co.

(Supreme Court, Kings Special Term, January, 1900.)

1. Corporation — Examination of books — Status of stockholder.

    A peremptory mandamus, to compel a business corporation to permit an alleged stockholder to examine its books, will be denied where the stockbook does not show that the moving party is a stockholder.

The mere inconvenience, caused to the corporation, by such an examination, affords no reason for denying the application.

2. Mandamus — Denials on information and belief.

Statements or denials on information and belief, as well as those which are unspecific and indefinite, are worthless in mandamus proceedings.

THIS was an application for a peremptory writ of mandamus to compel a business corporation organized under the laws of the State of New York, its directors and officers, to allow the petitioner, who claimed to be a stockholder, to examine the books of the company.

James C. Church and Leopold Wallach for application.

Samuel Untermyer opposed.

GAYNOR, J.: The respondent's denials and allegations on information and belief raise no issue. Statements or denials on information and belief, or which are unspecific and indefinite, are worthless in mandamus proceedings (Matter of Freel, 73 N. Y. St. Rep. 331; Matter of Guess, 16 Misc. Rep. 306; People ex rel. Beck v. Coler, 34 App. Div. 167). Nor does the argument against the good faith of the petitioner, nor in respect of the inconvenience of allowing stockholders to examine the books of corporations, seem to me of weight. It may well be suggested that corporations of the size of this one, if not all corporations, should be obliged by law to keep their books in duplicate, one set for the stockholders to examine at pleasure. Placing the acts of directors open to such scrutiny would prevent ninety-nine one-hundredths of the wrongs they do to stockholders. But the fact that the stock-book does not show the petitioner to be a stockholder in the respondent prevents his application from being granted. Section 29 of the stock corporation law requires every stock corporation to keep a stock-book containing the names of all of its stockholders, and showing the number of shares owned by each, and when and from whom acquired; and to keep such stock-book open daily for the inspection of its stock-holders and judgment creditors. And such section provides that no transfer of stock

shall be valid as against the corporation " for any purpose, except to render the transferee liable for the debts of the corporation," until it shall be entered in such stock-book. This includes the purpose of exercising the right of a stock-holder to examine the books. It is also reasonable that one claiming to be a stockholder for the purpose of examining the books of the corporation should first be recorded as such in the stock-book.

The application is denied.