(30 Misc. Rep. 234.)

## In re REISS.

(Supreme Court, Special Term, Kings County. January, 1900.)

1. MANDAMUS—ANSWER.

    In mandamus proceedings, denials and allegations on information and belief raise no issue.

2. CORPORATIONS—STOCKHOLDERS—CORPORATE BOOKS—INSPECTION.

    A stockholder's right to examine corporate books is not affected by his good faith, or the inconvenience to the corporation resulting from such examination.

3. SAME.

    An application by one claiming to be a stockholder of a corporation for a peremptory writ of mandamus to allow him to examine its books must be denied where its stock book does not show him to be a stockholder, as provided by the stock corporation law (section 29), requiring every stock corporation to keep a stock book containing the names of all its stockholders, and that no transfer of stock shall be valid until entered therein.

Application by Bert Reiss for a peremptory writ of mandamus to compel the American Spirits Manufacturing Company, a private corporation, to allow the petitioner, who claimed to be a stockholder, to examine the company's books. Denied.

James C. Church and Leopold Wallack, for application.

Samuel Untermeyer, opposed.

GAYNOR, J. The respondent's denials and allegations on information and belief raise no issue. Statements or denials on information and belief, or which are unspecific and indefinite, are worthless in mandamus proceedings. In re Freel (Sup.) 38 N. Y. Supp. 143; In re Guess, 16 Misc. Rep. 306, 38 N. Y. Supp. 91; People v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639. Nor does the argument against the good faith of the petitioner, nor in respect of the inconvenience of allowing stockholders to examine the books of corporations, seem to me of weight. It may well be suggested that corporations of the size of this one, if not all corporations, should be obliged by law to keep its books in duplicate, one set for the stockholders to examine at pleasure. Placing the acts of directors open to such scrutiny would prevent ninety-nine one-hundredths of the wrongs they do to stockholders. But the fact that the stock book does not show the petitioner to be a stockholder in the respondent prevents his application from being granted. Section 29 of the stock corporation law requires every stock corporation to, keep a stock book containing the names of all of its stockholders, and showing the number of shares owned by each, and when and from whom acquired; and to keep such stock book open daily for the inspection of its stockholders and judgment creditors. And such section provides that no transfer of stock shall be valid as against the corporation "for any purpose, except to render the transferee liable for the debts of the corporation," until it shall be entered in such stock book. This includes the purpose of exercising the right of a stockholder to examine the books. It is also reasonable that

one claiming to be a stockholder for the purpose of examining the
books of the corporation should first be recorded as such in the
stock book.

The application is denied.