(39 Misc. Rep. 581.)

TOOLE v. OGDEN et al.

(Supreme Court, Special Term, Kings County.  January, 1903.)

1. POLICE CAPTAIN—RIGHT TO COMPENSATION.
    Where a police captain of the city of New York is appointed from the list of sergeants certified to by the city .civil service commission, and is carried on the rolls of the department as such for 15 months, he may compel the city police commissioner and such commission to certify him on the monthly pay rolls as a captain entitled to compensation as such.

2. SAME.
    Where police commissioners, who appointed a captain on the police force, falsely certified in his favor to the civil service commissioners as to his record on the police force, obtaining for him a high position on the eligible list, such false certification goes only to the tenure of his office, and he is entitled to his salary as captain until ousted by an action brought by the Attorney General.

Application by E. J. Toole for writ of mandamus against William L. Ogden and others, to compel them, as members of the municipal

civil service commission, and the police commissioner of the city of New York, to certify petitioner on the monthly pay rolls of the police department as captain of police, and entitled to salary as such. There were 17 other similar actions. Writs granted.

William C. De Witt and Abraham I. Elkus, for petitioners.
Walter S. Brewster, for respondents.

GAYNOR, J. There were seventeen other cases argued with this one, and as all of the cases are identical they will be decided together.

Instead of being lean of adjectives, as law and practice require, the petitions abound in them, and also in allegations of legal conclusions. The following hard facts can be made out from them, however, viz.: The petitioners were sergeants of police. The municipal civil service commission made up an eligible list of sergeants for promotion to the office of captain of police. The petitioners were on the said list. There was a large number of vacancies in the office of captain. The police commissioners made a requisition on the said civil service commission for names of sergeants from such eligible list out of which to make appointments to fill such vacancies. The civil service commission certified from such eligible list the requisite number of names for the making of such appointments. The names of the petitioners were among those so certified. On December 27th, 1900, the police commissioners appointed the petitioners from such certified names to the said vacancies. They at once qualified and entered into their offices and were assigned to duty as captains. They have ever since done duty as captains, and have been addressed and ordered as captains by their superior officers, and by the four police commissioners who appointed them and the single commissioners who have succeeded them since January 1st, 1901. They were certified as captains on the monthly pay rolls by the police commissioner and the said civil service commission, and paid their salaries as captains by the comptroller up to May 1st, 1902. The said police commissioner and civil service commission have ever since refused to so certify them on the pay rolls, and in consequence thereof they have not been paid.

The answering affidavits are drawn in disregard of the well-known rule that affidavits in mandamus proceedings must consist of precise denials of fact and precise statements of fact only. Matter of Guess, 16 Misc. Rep. 306, 38 N. Y. Supp. 91; Matter of Freel (Sup.) 38 N. Y. Supp. 143. They are instead a mass of denials of conclusions of fact or law, and of statements of like conclusions. To strip them of their verbiage, and ascertain the facts which they are well calculated to conceal, is a task, but when it is done it is found that they leave undenied the facts stated above from the petitions. With equal difficulty it is found that the only fact stated in opposition is that when the civil service commission was making up such eligible list of sergeants, and called upon the police commissioners to certify the records in the police department of the sergeants who were examined, the police commissioners knowingly certified the records of these petitioners falsely in their favor, and that of the other sergeants falsely against them; and this, it is claimed, caused the petitioners to obtain

an unfair rating on the eligible list, and hence to get certified for promotion to the office of captain ahead of others who would have preceded them if the records had been correctly certified by the police commissioners.

Conceding this to be so, it remains that the petitioners were appointed from the eligible list in the way prescribed by law to the office of captain, and are captains. The appointment was not void.

If their tenure is voidable, and they can be put out of their offices by an action by the attorney general of the state, let it be done, but until it is done they must be paid. It is not pretended that they participated in the fraud of the police commissioners, if there was any. Common honesty as well as the law dictates that while they are permitted to remain captains, and required to serve as captains, they must be paid the salaries of their offices. The learned counsel for the city has cited no authority justifying the refusal to pay the petitioners. The case is not like a case where there are contestants for an office. Even there payment to the de facto incumbent is the course usually followed, to the end that efficient public service may be obtained, and it acquits the municipal corporation of all further liability to any one for the salary; but here there are no contestants, and the refusal to pay is a sheer attempt to obtain the accepted and required services of the petitioners for nothing. What would be said of the morality of a private individual who should try to do the like?

It is urged, however, that as a matter of discretion the petitioners should be remitted to an action at law for their salaries. If they should bring such actions it looks more than likely that they would be met with the plea that they could not bring them until the pay rolls had first been certified. But however that may be, it seems to me a better exercise of discretion to grant the writs prayed for, to the end that the demoralization to the police force which, it seems to me, must be caused by such treatment of members thereof, be brought to an end.

The writs are granted.