In the Matter of the Application of LESLIE V. BATEMAN, Individually and as Comptroller of the City of Mount Vernon, N. Y., Respondent, for a Peremptory Order of Mandamus against THE MAYOR AND COMMON COUNCIL OF SAID CITY, Appellants.

Second Department, December 23, 1927.

**Municipal corporations — tax budget — city of Mount Vernon — mandamus to compel common council to reconvene and adopt tentative tax budget for 1928, submitted by board of estimate and contract, without altering items relating to salaries — Charter of City of Mount Vernon (Laws of 1922, chap. 490), § 70, vests power in board of estimate and contract to fix salaries and determine positions and numbers of city officials and employees — charter, § 81, prohibits common council from diminishing or rejecting any item relating to salaries — common council is required to adopt budget as presented by board of estimate and contract so far as salaries are concerned — board of estimate and contract may include salaries for positions not created (Charter, § 77) — no issue of fact presented — common council had no discretion with reference to salaries — peremptory order of mandamus granted.**

The board of estimate and contract of the city of Mount Vernon prepared and presented to the common council a tentative tax budget for the year 1928, which included items relating to salaries of officials and employees. The common council changed the salary items in several respects. Under section 70 of the Charter of the City of Mount Vernon (Laws of 1922, chap. 490) the board of estimate and contract is vested with the power to fix the salaries and determine the positions and numbers of all city officials and employees of each office, board and department. Under section 81 of the charter the common council is denied the power to diminish or reject any item which relates to salaries.

Accordingly, the action of the common council in changing the items relating to salaries in the tentative tax budget was improper, and it should have adopted the budget in that respect as presented by the board of estimate and contract.

The board of estimate and contract was justified in including in the budget items for salaries of positions that had not been created prior thereto, for the means of paying the salaries must be provided before the positions can be created. (Charter of City of Mount Vernon, § 77.)

A peremptory mandamus order cannot be denied on the ground that issues of fact are presented by the answer, for there is no dispute as to any material issue in the case. A single question of law only is presented relating to the power of the common council to change salary items in the tentative tax budget; immaterial matters in dispute will not raise an issue of fact that will prevent the granting of a peremptory order.

The adoption of the budget by the common council does not involve an act of discretion in so far as the budget relates to salary items, for the charter has deprived the common council of any discretion in that matter.

LAZANSKY, P. J., and YOUNG, J., dissent in memorandum.

APPEAL by the defendants from an order of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 16th day of December, 1927.

Motion by petitioner to dismiss the appeal herein.

*Milo J. White, Corporation Counsel [J. Henry Esser* with him on the brief], for the appellants.

*Sydney A. Syme,* for the respondent.

Peremptory mandamus order affirmed, without costs, upon opinion of Mr. Justice LYNCH at Special Term. Motion to dismiss appeal denied.

KAPPER, HAGARTY and CARSWELL, JJ., concur; LAZANSKY, P. J., and YOUNG, J., dissent upon the ground that the provision of section 81 of the Charter of the City of Mount Vernon, that the common council shall not have the power to diminish or reject any item which relates to salaries, refers to salaries of positions already filled.

The following is the opinion of the court below:

LYNCH, J. The petitioner, a resident taxpayer and duly elected and now acting comptroller of the city of Mount Vernon, seeks a peremptory order in mandamus to compel the common council to reconvene and adopt a tentative tax budget for the year 1928, previously prepared and submitted to that body by the board of estimate and contract of the city of Mount Vernon, without altering in any manner said tentative budget with respect to the items relating to salaries therein contained.

The mayor and the common council have appeared and filed an answer to the petition which, when stripped of all irrelevant and immaterial arguments and recitals, raises finally but one issue and that one of law, viz., as to whether the power to finally fix the items in the budget with relation to salaries is vested in the board of estimate and contract or in the common council.

The answer to this question must be found in the Charter of the City of Mount Vernon (Laws of 1922, chap. 490), which is modeled on the Second Class Cities Law, in so far as its provisions are material to the question herein presented.

Section 70 of the charter provides for the creation of a board of estimate and contract, consisting of the mayor, the comptroller and the president of the common council. The powers and duties of this board are found in section 71, which provides: " The board of estimate and contract, except as otherwise provided by law, shall have *authority to fix the salaries or compensation, and determine the positions and numbers of all city officers and employees of each office, board and department."*

Section 81 of the charter provides for the preparation by the board of estimate and contract of the annual budget and that

27

section provides: " Not later than the first day of November prior to the commencement of each fiscal year, the board of estimate and contract shall make and adopt an itemized statement, in writing, of the estimated revenues and expenditures of the city for such fiscal year, which shall be known as the annual estimate.  *  *  * The estimate of expenditures shall contain an estimate of the several amounts of money which the board of estimate and contract deem necessary to provide for the expenses of conducting the business of the city in each board, department and office thereof and for the various purposes,  *  *  *.  After said annual estimate shall have been completed and on or before November 15th, the board of estimate and contract shall submit the same in final form to the common council with a statement, in writing, of such reasons for such estimate as it may deem proper."

A later provision of this section definitely defines the powers and duties of the common council with respect to the estimate so submitted to it, which so far as material provides as follows: " The common council shall, as soon thereafter as may be possible, convene and consider the said estimate.  It shall give a public hearing to such persons as wish to be heard in reference thereto.  After such hearing, and on or before December first, the common council shall adopt such estimate so submitted or shall diminish or reject any items therein contained, and adopt said estimate as so amended. *The common council shall not have the power to diminish or reject any item which relates to salaries,*  *  *  *; nor shall the common council increase any item for any purpose contained in said estimate."

The language of the charter is plain and it most unequivocally vests in the board of estimate and contract the power and duty to " fix the salaries or compensation, and determine the positions and numbers of all city officers and employees of each office, board and department," and while it confers upon the common council certain powers to alter and amend the same before final adoption, yet that power does not extend to items contained in the estimate " relating to salaries," for the statute expressly says that " the common council shall not have the power to diminish or reject any item which relates to salaries."

Counsel for the respondents, while not questioning the definite language of the statute, relies upon the cases of *Pryor* v. *City of Rochester* (166 N. Y. 548) and *Matter of Emerson* v. *Buck* (230 id. 380) as authorities to sustain his contention that notwithstanding the express language of the charter above quoted, the common council has the power to fix salaries.

The *Pryor* case involved the construction of the provisions of

the original act relating to cities of the second class (Laws of 1898, chap. 182).

In that act there was no limitation upon the common council with respect to items relating to salaries.   Shortly after the decision in the *Pryor* case, the Legislature adopted a new Second Class Cities Law in 1906,* and the amendment inserted the express limitation upon the common council with respect to items relating to salaries and thereby took away from the common council under the Second Class Cities Law the power that it originally possessed under the former act to modify items referring to salaries.

As has been already pointed out, the present Charter of the City of Mount Vernon is substantially in the same form as the amended Second Class Cities Law.

It is, therefore, obvious that a decision rendered prior to the amendment of the statute in this vital particular has no application to the present controversy.

Similarly in the *Buck* case there was no limitation upon the power of the common council of the city of Buffalo with respect to the modification of the items of salaries submitted by the board of education of that city.   This being so, that decision can have no application in construing the Mount Vernon charter which contains the express limitation upon the common council as has already been pointed out.

Under the charter containing these provisions and pursuant to its terms, it appears without contradiction that the board of estimate and contract of the city of Mount Vernon duly prepared a proposed estimate for the year 1928, containing provisions for the salary of a claim clerk, clerk to the deputy comptroller, indexing and vault clerk, each in the amount of $1,800, all of which is under the heading of the department of finance.   Under the heading of the building department, there was contained an item for salary of two construction inspectors, each in the amount of $2,500, and under the heading of department of public safety, there was included a further item for police salaries of $295,893.

When this proposed estimate was submitted to the common council it appears without dispute that it eliminated from the proposed budget the appropriation for the salaries of the three clerks in the finance department; it eliminated the salary for the two construction inspectors contained in the designation for the building department and inserted two others of an entirely different title, at the same salary, and it reduced the salaries of the police from

* See Laws of 1906, chap. 473, § 75; now Consol. Laws, chap. 53 (Laws of 1900, chap. 55), § 75, as amd. by Laws of 1918, chap. 54.— [REP.

$295,893 to $262,693, and as so modified it pretended to adopt the budget.

This the common council was without power to do and its action in that regard being in direct violation of the provisions of the charter is of no legal effect.

The corporation counsel while admitting the power of the board of estimate and contract to fix salaries and compensation and determine the positions and numbers of all city officials and employees of each office, board and department, argues that the board of estimate and contract were not justified in including in the budget items for salaries for positions that had not already been created by some formal action of that board. That this contention is without merit is indicated by the provisions of section 77 of the charter, which so far as is material provides: " Neither the board of estimate and contract nor any officer, board or department of the city, excepting as herein otherwise provided, shall create any pecuniary obligation whatever on the part of the city which shall not be payable in the current fiscal year."

It is, therefore, obvious that the board of estimate and contract could incur no obligation by way of creating positions and engaging employees until such time as the funds were available which could only be made possible by including provisions for such proposed positions in the annual budget and having the same adopted. That this practice was recognized is indicated by the following statement contained in the respondents' brief: " Every year, after the adoption of the budget by the Common Council, the Board of Estimate and Contract passes a resolution ' fixing' the salaries and ' determining' the positions."

The only way that positions could be created under the charter in question would be to have the board of estimate and contract include an item in the estimate to cover the salaries for such positions and then after the estimate had been adopted and the funds made available as provided by section 77 of the act, to formally create the obligation for such salaries.

Counsel for the respondents further contends that it is most inimical to the interests of the taxpayers of the city of Mount Vernon that such an important power as creating offices and fixing salaries should be delegated to a board composed of three officers and that the best interests of the city require that that important duty should be vested in the common council, which he contends is primarily responsible for the estimate adopted. Without going into an extensive discussion of the merits of this argument, it is sufficient to say that the Legislature had decreed it otherwise and has placed the responsibility, in so far as it relates to the designation

of the employees of the city and the salaries that they shall receive, with the smaller body. However, if there is any merit in the contention, it should more properly be addressed to the Legislature with the view of effecting an amendment of the statute than to prevail upon the judicial branch of the government to usurp the powers of the Legislature.

Moreover, it might be urged that the placing of this important responsibility with a smaller body composed of only three members, consisting of the mayor, the comptroller and the president of the common council, all being the most important officials of the city, is in keeping with the modern tendency of reposing such duties with a few persons who are directly accountable for their actions to the people, rather than to divide the responsibility among a larger number of officials with the consequent difficulty of holding them directly accountable for their actions. The theory of limiting responsibility is evidenced by the modern tendency toward commission form of government and the very commendable reduction of boards and departments that has resulted from the recent reorganization of the government of the State of New York.

It is further urged that the peremptory writ of mandamus should not issue because issues of fact are presented by the answer. There is no dispute as to any material issue in the case. Admittedly, the board of estimate and contract prepared the annual estimate in the manner herein indicated. Admittedly, it was referred to the common council which body thereafter materially altered and reduced the items relating to salaries contained in the submitted estimate. These are really the only vital questions involved and as they are all admitted, it presents squarely a single question of law as to the power of the common council to take the action that it did in that regard.

The mere fact that there are immaterial matters in dispute constitutes the raising of no issue of fact within the meaning of the decisions. (*People ex rel. Empire City Trotting Club* v. *State Racing Commission*, 190 N. Y. 31; *People ex rel. Beck* v. *Coler*, 34 App. Div. 167.)

There is no merit in the further contention that mandamus does not lie because the adoption of the budget involves an act of discretion upon the part of the common council. While it is true that in determining the amount of some items in the budget, the common council is required to exercise discretion, yet under the express provisions of the charter it has no discretion, with regard to the items relating to salaries nor has it any discretion in finally adopting the estimate.

The peremptory mandamus order will, therefore, issue against

the mayor and the common council directing that the common council reconvene and legally adopt the estimate submitted by the board of estimate and contract, without modification or alteration as to the items therein contained relating to salaries as herein indicated with which it has no discretionary power.

Submit order on notice.