In the Matter of the Application of the OYSTERMEN's DOCK COMPANY, LIMITED, Petitioner, for an Order of Mandamus against BENJAMIN W. DOWNING, as Supervisor of the Town of Oyster Bay, in the County of Nassau and the State of New York, Respondent.

Supreme Court, Nassau County, April 19, 1930.

*McCoun & McCoun [William McCoun* of counsel], for the petitioner.

*Thomas J. Cuff,* for the respondent.

HUMPHREY, J. Petitioner by mandamus seeks to compel the respondent as supervisor to execute a lease of the lands under water owned by the town of Oyster Bay. The petition of petitioner sets out the facts: That an application was made to the town board of the town of Oyster Bay for the leasing of certain lands under water, adjoining and in front of premises owned by it; that notice of a public hearing was published pursuant to law, stating the time and place of such hearing; that such public hearing was held pursuant to such

notice; that after such hearing the town board by vote granted the application of petitioner, the respondent as supervisor casting the only vote against such leasing; that the law requires the signature of the supervisor to such lease; that demand for such signature was made and refused. None of these facts are sufficiently denied in the answering affidavits to present a triable issue. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y. 503, at p. 511; *People ex rel. Elder* v. *Bingham*, 118 App. Div. 25; *People ex rel. Frost* v. *N. Y. Central & H. R. R. R. Co.*, 168 N. Y. 187.)

Petitioner's application is based on the provisions of chapter 157 of the Laws of 1920, which law repealed all former laws relating to the leasing of town lands and lands under water owned by the town of Oyster Bay and set up in its stead the leasing by the town board of such town. The affirmative allegation of respondent, as a reason for refusing to execute the lease in question, alleges a referendum voted at the general election for the year 1929 upon the following resolution: " Resolved that the law passed April 10, 1920 [chap. 157 of the Laws of 1920], be amended to read that no town lands shall be leased by the Town Board of Oyster Bay Township without a vote of the people at a general or special election." It can hardly be said that an act of the State Legislature can be amended by an affirmative vote on the resolution quoted. In the absence of an allegation of fraud, the action of the town board must be upheld. (*People ex rel. Beck* v. *Coler*, 34 App. Div. 167.)

The affixing of his signature by the respondent being a ministerial act only, it may be enforced by mandamus. Let the necessary order be submitted on notice.