THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS JONES, Appellant.

*Lotteries — distinction between lottery policies and lottery tickets — judge's charge submitting the question to the jury — proof necessary to sustain a conviction.*

The statute recognizes a distinction between lottery policies and lottery tickets, but it does not state in what it consists. It assumes that somebody knows and that the distinction is susceptible of proof, and that courts and juries must have proof on that subject before they can convict a person charged with violating the statute.

Upon the trial of an indictment for selling lottery policies there was proof given that the paper in question was what is commonly known as a lottery policy. The court, notwithstanding such proof, submitted that question of fact to the jury, accompanied by the statement that *it was not a ticket.*

*Held,* that the trial judge erred in charging the jury that the paper in question was not a lottery ticket, and that as it did not appear that the ruling was not prejudicial to the defendant a new trial should be granted.

BROWN, P. J., dissenting.

APPEAL by the defendant, Thomas Jones, from a judgment of the Court of Sessions of Kings county, rendered on the 4th day of January, 1895, upon the verdict of a jury convicting the defendant of the crime of vending and selling to another what are commonly known as and called lottery policies, and also from an order made on the 4th day of January, 1895, denying the defendant's motion for a new trial.

*James & Thomas H. Troy,* for the appellant.

*James W. Ridgway, District Attorney,* for the respondent.

PRATT, J. :

I regret to express the conviction that the learned trial judge erred in telling the jury that the paper in question was not a lottery ticket. True, the defendant was indicted for selling lottery policies, and in one sense it may be said that it was immaterial what the paper was so long as it was not a lottery policy. But the trouble is precisely this : The statute recognizes a distinction between lottery policies and lottery tickets, but does not state in what it consists. It assumes that somebody knows and that the distinction is susceptible of proof, and that courts and juries must have proof on that subject before they can convict. There was proof here that the paper in question was what is commonly known as a lottery policy. The court, notwithstanding this proof, submitted that question of fact to the jury, accompanied by the statement that *it was not a ticket.* This was apparently a ruling of law the tendency of which was to help prevent the jury from entertaining a reasonable doubt whether or not the paper was a lottery policy. *Non constat,* since the question was submitted to them, but that the jury might otherwise have entertained a reasonable doubt whether this paper was a ticket or a policy.

I am not able to say that this ruling did not prejudice defendant on the other questions.

A new trial should, therefore, be granted.

DYKMAN, J., concurred; BROWN, P. J., dissented.

Judgment reversed and new trial granted.