PEOPLE ex rel. BECK v. COLER et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. MANDAMUS—CLAIM AGAINST CITY—REMEDY BY ACTION.

Though an action on a claim would lie, where a party is entitled to payment from a city from funds on hand applicable thereto, the court will, in the exercise of a sound discretion, compel by mandamus a ministerial officer to audit and pay the claim, if the city has not repudiated or denied its obligation.

2. SAME—AFFIDAVITS IN DEFENSE.

Where an affidavit of a fact alleged in defense to mandamus is based on a record conflicting therewith, the record must be accepted as true, and the affidavit considered insufficient to raise an issue thereon.

3. SAME—AUDIT AND PAYMENT OF CLAIM BY CITY AUDITOR AND COMPTROLLER.

Where the proceeds of bonds issued by a school district were paid to the city comptroller, and a contractor presented to the comptroller and auditor a certificate of the engineer and architect in charge of the construction of the building that he was entitled to the payment of a certain sum in accordance with his contract with the district, and that payments were to be made, as the work progressed, on their certificate, affidavits alleging that the resolution to erect the school house was passed by votes of persons not qualified, without naming them or giving reasons for their disqualification, and that the proposed improvement was unwise, without alleging fraud in the contract, are no defense to mandamus to compel the audit and payment of the amount certified.

Appeal from special term.

Application for mandamus by the people, on the relation of Louis Beck, against Bird S. Coler, comptroller of the city of New York, and another. From an order granting a peremptory writ, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Almet F. Jenks (R. Percy Chittenden, on brief), for appellants.
George J. Greenfield, for respondent.

CULLEN, J. On December 10, 1897, at a meeting of the inhabitants of school district No. 1 of the towns of Castleton and Middletown, Richmond county, a resolution was passed authorizing the trustees of the school district to purchase a new site, and build a new

school house thereon, and for that purpose to raise the sum of $80,-
000 by tax upon the district. Thereafter the trustees of the school
district entered into a contract with the relator for the construc-
tion of the school building for the sum of $79,500; payments to be
made as the work progressed, on the certificate of the engineer and
the architect in charge of the construction of the building. The re-
lator commenced the prosecution of the work, and in February, 1898,
received a certificate from the engineer and the architect that he was
entitled to a payment of at least the sum of $750. This certificate
was presented to the comptroller for payment, and to the auditor of
the borough for audit. The comptroller refused payment, and the
auditor declined to act on the claim. Thereupon the relator applied
to the special term for a writ of mandamus to the auditor and comp-
troller to ascertain and certify the value of the work performed and
materials furnished by the relator under his contract, and to audit
and allow such value as ascertained, not exceeding the amount cer-
tified by the engineer and the architect. From an order granting
the writ of mandamus as prayed for, this appeal is taken.

The first claim of the appellants is that the relator's remedy is by
action, and not by mandamus. The rule that a mandamus will not
be granted where the party has a remedy by action is one addressed
to the sound discretion of the court, and is not of universal applica-
tion. Thus, in Re Freel, 148 N. Y. 165, 42 N. E. 586, the comp-
troller of the city of Brooklyn was required by a writ of peremptory
mandamus to approve the relator's claim for work and material fur-
nished under a contract with the city for the construction of a reser-
voir, and to make and sign a warrant for its payment. There was
no question in that case but that the relator might have sued the
city for the claim in an action at law. In People v. Schieren, 89 Hun,
220, 35 N. Y. Supp. 61, a writ of mandamus was issued against the
comptroller and auditor to examine the relator's claim for gas fur-
nished under a contract with the city, and to certify the value thereof.
Undoubtedly, also, in this case an action on the claim would lie. We
are of opinion that where the right of a party to payment from the
city is clear, and there are funds on hand applicable to such payment,
the court may and will, in the exercise of a sound discretion, compel
by mandamus a ministerial officer to audit and pay the claim, though,
if the city itself repudiated or denied the existence of the obligation,
the rule would be different. In the present case money for the con-
struction of the school house was raised by the issue of bonds of the
school district, and the proceeds were paid to the comptroller be-
fore the time of the relator's application. The relator therefore made
out a prima facie case, and was entitled to the writ, unless the affi-
davits on behalf of the comptroller and auditor showed sufficient
cause to the contrary.

The affidavit of Mr. Coler states that he has examined the minutes
of the meeting of the board of school trustees, and that from those
minutes it appears that $5,500 was paid for the new site, a plot of
about two acres, while the assessed value of the land was only $250
an acre; that a resolution was passed that the new school house
should be built on the old site, and that the resolution authorizing

the expenditure for the new school house was void, because it was passed by the votes of persons who were not qualified by law to vote on the question; that the plans of the school house are unnecessarily elaborate and ornate, and not adapted to practical purposes; and that the sum bid for the work is excessive. The rule undoubtedly is that, when a party moves for a peremptory mandamus in the first instance, all allegations of fact in the opposing papers, sufficiently made, must be assumed as true. But in this case, by the stipulation of the parties, a certified copy of the minutes of the meetings of the school district was presented to the special term, and is before us on this appeal. The affiant, Coler, had no personal knowledge of the action of the meetings of the voters of the school district, or of the trustees, but his statements are based solely on an inspection of the records of those meetings. Therefore, where the records are in conflict with the affidavit, the former must be accepted as true, and the latter considered insufficient to raise any issue of fact. The record shows that the resolution to build the new school house on the old site was not carried, but lost. The allegation in the affidavit of the comptroller that the resolution to erect a new school house was passed by the votes of persons not qualified is a mere statement of a conclusion of law, and insufficient. The record of the meetings of the voters of the school district gives the name of every person voting for or against the resolution, and shows that the resolution was carried by a majority vote. The affidavits in opposition to the relator's application do not name a single voter who it is claimed was not qualified to vote, nor do they state for what reasons any voter was so disqualified. For aught that appears in these affidavits, there may be no dispute whatever as to the facts relative to the qualification of these voters, and the statement in the affidavit that voters were disqualified may be based solely on the affiant's interpretation of the law on the subject,— an interpretation which it is impossible for the court to say was either correct or erroneous, as it is not stated what that interpretation was. While the rule is strict that all facts averred in answer to an application for a peremptory writ, whether of an affirmative character, or merely denials, must be taken as true, the rule is equally strict that "affirmations which are only conclusions of law or fact, or are indefinite or general statements, are of no avail and worthless," and "a denial in gross, without stating facts, is a mere conclusion." In re Freel (Sup.) 38 N. Y. Supp. 143; In re Guess, 16 Misc. Rep. 306, 38 N. Y. Supp. 91. Nor are the allegations of the extravagance of the proposed improvement, in its lack of utility, sufficient to defeat the relator's claim. No allegation whatever of fraud is made. It may be that the site selected for the new school house is ill-chosen, and that the plans for the building are ill-advised; but those were matters for the voters of the school district to pass upon, and their action, taken in good faith and under authority of law, is not subject to review by the comptroller of the city. The opposing affidavits therefore stated no fact sufficient to defeat the relator's claim, and his right was clear.

The case is to be distinguished from that of People v. Mooney, 4 App. Div. 557, 38 N. Y. Supp. 495. There it was sought by writ of

mandamus to compel the board of public works of the city of Buffalo to execute a contract which had been awarded the relator, as the lowest bidder, for paving a street in that city. It appeared in opposition to the application that, since the adoption of the resolution to pave the street, it had been determined to convert the street into a boulevard, and a part of the park system of the city. The application was denied, and the relator left to his remedy by action, on the ground that the board of public works was justified in refusing to prosecute an improvement which was shortly afterwards to be rendered valueless. We assume that a municipal corporation, the same as an individual, may at any stage decline to prosecute an improvement for the carrying out of which it has contracted; remaining, of course, liable to the contractor for damages for breach of the contract. But in this case the city has taken no such action. The respondents in the Buffalo case constituted that department of the city government which had, subject to the common council, control and management of the public work, the prosecution of which it was sought to compel. It may be that in the present case the board of education or the school board of the borough might suspend or terminate the construction of the new school house; but, in the absence of fraud or illegality, the comptroller has no general supervision over the conduct of other officers or departments of the city. If the further prosecution of a public work is unwise and should be abandoned, it is for the proper department, not the comptroller, to determine that question. The construction of the new school house was entered upon, and the contract with the relator for its construction made, in pursuance of law. Until the proper city authorities have determined to abandon the work, the comptroller must properly discharge the duties relating thereto imposed upon him by law.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.