(56 App. Div. 459.)

PEOPLE ex rel. TREAT v. COLER, Comptroller.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

MANDAMUS—CITY COMPTROLLER—PUBLIC IMPROVEMENT—CONTRACT—PERFORMANCE—ACCEPTANCE.

Laws 1895, c. 413, provides that there shall not be used on any municipal work within the state any stone which is to be worked for such use, except the same be worked within the state, and any contract for such work shall contain such clause. Relator completed a contract for a sewer, which was certified by the proper city officers and accepted by the city. The city comptroller refused to issue a warrant on the ground that the provision in the contract requiring the stone to be dressed in the state had been violated. *Held*, that relator was entitled to mandamus to compel the issuance of the warrant, since, in the absence of rescission by the city, and of affirmative action on its part to forfeit the contract, the comptroller had no right to question the city's liability.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from trial term.

Application by the people, on relation of Ralph J. Treat, against Bird S. Coler, for a writ of mandamus to compel respondent, as comptroller of the city of New York, to issue a warrant to relator. From an order denying the writ, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
Terence Farley, for respondent.

HATCH, J. So far as disclosed by the record upon this appeal, the relator has performed his contract for the construction of sewers and appurtenances which was made between himself and the city of New York. By the terms of the contract, payment was only to be made when the contract should be completed and duly certified by the engineer and the inspector in charge of the work, and by the inspector appointed by the commissioner of sewers to examine the interior of the constructed work, and upon the performance of every stipulation contained in the contract to be performed by the relator. The proof tends to establish that the relator performed his contract in every respect, and the respective officials and persons who were to

certify that such contract was performed have so certified, and nothing remains to be done in fulfillment of it save the delivery of the warrant by the comptroller of the city of New York to the relator in accordance with the stipulated terms. It is quite clear, therefore, that, as the defendant has refused to deliver the warrant, the relator is excused therefrom by reason of the existence of other matters.

It is claimed upon the part of the defendant that the relator did not perform his contract in accordance with the stipulations therein contained, in which he violated the provisions of chapter 413 of the Laws of 1895, in using, upon the work for which his contract called, dressed or carved stone not worked, dressed, or carved within this state, as required by such act. The proof in respect of the violations of the act is embraced in a letter written and sent to the comptroller by a Mr. Dutton, and by the affidavit of one Charles Abbiati, of Hoboken, in the state of New Jersey. The affidavit is to the effect that the deponent therein named carved and finished in the city of Hoboken, state of New Jersey, a certain sewer basin which was used by the relator in the completion of his contract. The contents of the letter are not verified by the oath of any person. The question which has been raised upon this appeal relates to the constitutionality of the act, it being insisted by the appellant that, even though there was a violation of the act by the use of the stone as stated in the affidavit, yet such charge cannot avail to defeat the delivery of the warrant and the payment of the contract price, for the reason that the act in question violates the provisions of the federal and state constitutions. We think it entirely unnecessary in the disposition of this appeal to determine such question. While it is the settled rule that a peremptory writ of mandamus will not be granted where the opposition papers raise an issue of fact, and the writ will not ordinarily be granted where the relator has an adequate remedy at law, yet the testimony which shows the issue must be competent in character, and fairly raise a question upon a material issue; and, while the courts will ordinarily refuse the issuance of such writ where there exists this adequate remedy at law, yet such rule is not exclusive, and where the right is clear the writ will issue. In re Freel, 148 N. Y. 165, 42 N. E. 586; People ex rel. Beck v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639. By the act in question it is provided that there shall not be used upon any state or municipal work within this state any stone, except paving blocks and crushed stone, which is to be worked, dressed, or carved for such use, except the same be worked, dressed, or carved within the jurisdiction of this state, and any contract for such work shall contain such clause. If any contractor with the state or a municipality violate the provisions of the act, the state or corporation shall revoke such contract, and shall be discharged from all liability therefor. The contract in question contained the clause in accordance with the terms of the act. In contracts of this character the state or municipality stands upon the same footing as do individual parties. People v. Stephens, 71 N. Y. 527. And in the absence of fraud or collusion the certificates of the officials charged with the duty of certifying to the proper performance of the work under the contract are conclusive, so long as they remain unimpeached. People

v. City of Syracuse, 144 N. Y. 63, 38 N. E. 1006. In the present case it is admitted that the contract has been fully performed in all respects save in the use of the prohibited stone, the same has been certified by the proper officers, and the city has accepted the work as completed. It was competent for the city to so accept the work, and such act of acceptance creates liability to pay the contract price. Smith v. Alker, 102 N. Y. 87, 5 N. E. 791.

Assuming, however, that the certificates and acts of acceptance would not conclude the city from an inquiry into the facts in order to determine whether the stone used was dressed, yet it is evident from the terms of the act that the contract is not rendered invalid by reason of the fact that the stone used was dressed or worked in a foreign jurisdiction. It would still be competent for the city to accept the work and pay therefor. Indeed, the city is bound to pay if it accepts. That which would work a forfeiture of the contractor's rights under the contract would require a revocation of the contract, and until this is done the contract stands. It is conceded that this contract has never been revoked. On the contrary, as we have seen, the city has adopted the same as completed, has certified to its proper completion in accordance with its terms, and is now enjoying the benefits of the contractor's labor. This condition creates a liability to pay in accordance with its terms, and such liability is created entirely independent of any matters which the opposing papers present. It has recently been decided by this court (People ex rel. Rodgers v. Coler [not yet officially reported] 67 N. Y. Supp. 701, that, before the city can avoid payment for work done under contracts which it had accepted, there must be some affirmative act upon the part of the city declaring the contract invalid. The question in that case arose under a statute similar to the present, and in principle the cases are not different. We do not regard it as material that other officials charged with a duty in connection with the delivery of the warrant are not made parties to the proceeding, if any such there are. It is clear that the comptroller is charged with the duty of drawing the warrant, and he may not find protection in the fact that other officers also have duties to perform. It will be presumed that such officers will obey the law, and, if so, no proceeding against them will need to be instituted. Such persons are not necessary parties to a proceeding which seeks to compel the performance of a duty which devolves upon the comptroller alone, and in the performance of which no other officer shares. Upon these facts, as we·view the case, the act of the comptroller in delivering the warrant is a mere ministerial act, and it does not lie in his mouth to question liability under the contract, in the absence of any claim upon the part of the city that the contract price has become forfeited, or affirmative act upon its part, or of action upon the part of a person duly authorized to have the contract declared forfeited. Under such circumstances, within the authority of the Freel and Beck Cases, supra, it becomes the duty of the comptroller to deliver the warrant, and his refusal so to do makes proper ground for the issuance of the writ. In this view, no material issue is raised by the opposing papers.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, J., concurs.

McLAUGHLIN, J. Except for the decision of this court in the case of People ex rel. Rodgers v. Coler, I should vote for an affirmance of the order appealed from; but that case cannot, in principle, be distinguished from this one. Therefore, upon the strength of the Rodgers Case, I concur in the opinion of Mr. Justice HATCH.

VAN BRUNT, P. J. I cannot concur in the opinion of the court in this proceeding. It seems to me that the learned justice who wrote the opinion assumes a condition of fact which is not borne out by the record before us. It is assumed that there was no issue raised in regard to the performance of the contract by the contractors, and that, the certificates required by the contract having been given, and the work taken possession of by the city, even if there was a breach of the contract the city could not avail itself of it. The opinion further infers that the evidence is not very satisfactory as to there having been any breach of the contract. It is certainly not the province of a respondent in a proceeding for mandamus to set up the evidence which constitutes his defense to the application. It is enough if he puts in issue the right to relief by mandamus. The evidence is to be offered upon the trial of an issue formed either by the return to an alternative writ of mandamus or the answer to a complaint. It is a familiar rule that debts should not be collected by mandamus, and I see no reason why that rule should not apply to obligations of the city as well as to those of individuals. It is true that in the case of In re Freel, 148 N. Y. 165, 42 N. E. 586, the court went a long way in sustaining a mandamus which had been granted by the supreme court against the comptroller of the city of Brooklyn. But certainly the rule there established is not to be extended, and it does not imply that a mandamus should issue in all such cases. The court of appeals simply held that the supreme court had jurisdiction to issue a mandamus, but did not hold that it should use its discretion in the issuing of the same. In that case it was plainly stated that the right to recover was in no way attacked upon the part of the city. In the case at bar the defense is set up that the contract has been violated, and where such is the case the questions of fact and law raised must necessarily be tried in an action brought to recover the amount claimed to be due upon the contract. It is to be observed that the proceeding is against the comptroller alone. He is to draw his check, called "warrant" in the proceedings, against the city funds, and deliver it to the contractor. It is difficult to see of what avail such an instrument could be in the contractor's hands. The law requires that all drafts upon the city treasury should be signed by other city officials than the comptroller, and they are not parties to this proceeding. It may be true that such an objection is not raised upon the part of the corporation counsel in this proceeding, but it seems to me that the court, before it sanctions the issuing of so summary a remedy for

the purpose of collecting a debt, should see that its writ would be effectual if issued. It appears to me, also, that the validity of chapter 413 of the Laws of 1895 is not in question. The contract contained a provision in regard to the dressing of the stone; and, as between the city and the contractor, if the contract contained such a provision, and the latter chose to accept it, it is difficult to see why he should not be bound by it. An entirely erroneous view seems to be taken of the fact that the city is in possession of the work. Ever since the case of Smith v. Brady, 17 N. Y. 173, where a contractor had made a construction upon a party's property, the owner is not bound to abandon the use of his property, under the penalty of paying for the construction, although it does not conform to the contract. It is, I think, establishing a dangerous rule to allow this summary procedure to collect debts against the city, which certainly could not prevail against a private individual. The court might just as well issue its writ commanding a private individual to draw a check upon his bank account to pay a claim alleged against him, as to grant the writ under the circumstances disclosed by the papers in this proceeding. It ordinarily would be fatal to the application that all the proper parties are not before the court in order to make the writ effectual, and that the court is bound to take that objection of itself, even if not taken by counsel. This is not a question of the comptroller finding protection, but the question whether the court will be guided in those proceedings by the rule which has always heretofore obtained, viz. that the court will not grant relief by detachments, but that all the parties necessary to do the act required must be before the court before it will issue its mandate. But, as the rule is to be laid down that debts may be collected by mandamus, it is of little moment that those rules which have been heretofore supposed necessary to protect against an abuse of this extreme writ should also be disregarded. The dissenting opinion in the Case of Rodgers shows additional reasons for the affirmance of the order.

The order appealed from should be affirmed, and the motion denied, as a matter of discretion, and the plaintiff remitted to the ordinary mode of collecting an alleged debt.

O'BRIEN, J., concurs.