**PEOPLE ex rel. MURRAY v. LINDENTHAL, Bridge Com'r, et al.**

(Supreme Court, Appellate Division, Second Department. December 9, 1902.)

1. MANDAMUS—REDUCTION OF SALARY—REMEDY AT LAW.

     Where one who had been appointed a bridge keeper had his salary reduced by the bridge commissioner and civil service commissioners to that of a bridge tender, he had a remedy by action, if the reduction was unauthorized; and hence the denial of an application for a writ of peremptory mandamus that his pay rolls be prepared at the higher salary was within the discretion of the special term, and not subject to review.

Appeal from special term.

Action for mandamus by the people, on the relation of William Murray, against Gustav Lindenthal, as bridge commissioner, and others. From the denial of a motion for the issuance of the writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

S. E. Fairchild, for appellant.

James McKeen (Walter S. Brewster, on the brief), for respondents.

JENKS, J. The relator moved for the issue of a writ of peremptory mandamus that the defendants prepare the pay rolls of the relator at a certain salary. He deposed that he was appointed a bridge keeper in 1898 at a certain salary, which was increased in 1900, and afterwards reduced. He contended that the reduction was illegal. The respondents answered that the relator was appointed to the temporary position of bridge keeper pending the preparation of the appropriate eligible list; that a bridge keeper was subject to competitive civil service examination, but a bridge tender was subject to physical examination only; that relator was examined only for the latter position, and permanently appointed to that position only; and that he has been paid its salary. The relator by these proceed-

¶ 1. See Mandamus, vol. 33, Cent. Dig. § 32.

ings sought to recover a sum which, in amount, is the difference between the salaries of bridge keeper and bridge tender. The special term (Mr. Justice Wilmot M. Smith, presiding) denied the motion upon the grounds of laches, and there was remedy by action. While there is no fast rule that the mere existence of a remedy by action defeats an application for a mandamus, yet, where such remedy exists, the application for mandamus is addressed to the sound discretion of the court. People v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639; Id., 56 App. Div. 459, 68 N. Y. Supp. 767, affirmed in 166 N. Y. 144, 59 N. E. 776.

Without expression of opinion on the merits of his claim, I am clear that the relator has a remedy by action, and that the denial of the application was within the sound discretion of the special term. The order should therefore be affirmed, with $10 costs and disbursements of the appeal. All concur.