THOMAS BROWN, Respondent, *v.* OLIVER H. P. CHAMPLIN, et al., Appellants.

It is not necessary to set forth in a pleading the circumstances attending a transaction, contract, or instrument in writing, counted on; it is sufficient to charge the legal effect thereof.

Plaintiff's complaint contained two counts; the first alleged the making and delivery by defendants of their bond conditioned to pay B. and Y. $5,000, and an assignment, for value, by the obligees to plaintiff; the second alleged that defendants covenanted, under their hands and seals, to pay B. and Y. $4,000, who assigned the covenant, for value, to plaintiff. It appeared that defendants and B. and Y. were stockholders in a company, and agreed with plaintiff for a loan to the company of $4,000, to be secured by a mortgage of its real estate, and by the bond of defendants, under which agreement the bond described in complaint was given. *Held,* that it was not necessary to aver the facts under which the bond was given, and that the evidence established the causes of action set forth in the complaint.

The contract was claimed to be usurious; first, because the bond was conditioned to pay $5,000, when but $4,000 was loaned; second, that for $2,000 of the loan plaintiff gave his notes for twenty and thirty days, without interest. In the assignment of the bond it was stated that it was to secure the payment of $4,000, and it was intended and treated by the parties as a security for that sum only. The giving of the notes was not found to have been done with intent to secure more than lawful interest. *Held,* that, for the purpose of sustaining the judgment, a finding that there was no such intent might be implied, and that the circumstances did not constitute usury in law.

It appeared that defendants refused to consent to the delivery of the bond to the plaintiff unless B. and Y. would agree to become equally liable with them for the payment of the money loaned. B. and Y. therefore indorsed on the bond the following: "For value received, we become jointly liable, in all respects, with the original makers of the within

bond." This was not under seal. Plaintiff had no connection with or knowledge of this transaction. Defendants claimed a defect of parties, in that B. and Y. were not made parties. *Held,* untenable; that the form of the undertaking signed by B. and Y. was not apt and proper to constitute them joint obligees; that the fair inference therefrom was, that it was simply to secure to defendants the right of contribution against B. and Y.; that if plaintiff could maintain an action thereon, the instrument must be treated as a guarantee.

Defendants offered to show on trial, by B. and Y., that they intended, by signing the indorsement, to adopt the seals of the obligors; this was objected to, and objection sustained. *Held,* no error; that the intent was immaterial, as the question whether they did adopt the seals depended upon what they did and said, not what they intended.

(Argued April 21, 1876; decided May 23, 1876.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The complaint in this action contained two counts; the first alleged, in substance, that, on or about June 17, 1869, defendants executed, under their hands and seals, and delivered to Frederick W. Breed and Charles E. Young a bond in the penal sum of $10,000, conditioned for the payment of $5,000 on or before August fifteenth, then next. That said Breed and Young, for a valuable consideration, sold and assigned the said bond to plaintiff, and alleged a balance due thereon. The second count alleged that defendants covenanted with Breed and Young, under their hands and seals, to pay said Breed and Young $4,000, with interest, on or before August sixteenth, thereafter; and that said covenantees, for a valuable consideration, sold and assigned the covenant to plaintiff. Defendants, in their answer, set up, among other things, a non-joinder of parties defendant, in that any bond or obligation made by them was made jointly with said Breed and Young. They also pleaded usury, in substance, that it was usuriously agreed that for a loan of $4,000 a bond of $5,000 was to be, and was, given; and that, for the sum loaned, plaintiff gave his check for $2,000, a note of twenty days for $1,000, and one at thirty days for $1,000, both without interest, which

were corruptly and usuriously agreed to be taken instead of money.

The court found, in substance, the following, among other things:

That on the 15th day of June, 1869, the defendants, together with Frederick W. Breed and Charles E. Young, were members of, and shareholders in, a joint stock association called the Buffalo and North Carolina Gold Mining Company. About the first day of July, in the year 1869, the defendants and said Breed and Young applied to the plaintiff for a loan of money to said joint stock association, and thereupon it was agreed that said plaintiff should loan the sum of $4,000, to be repaid him at the end of one year from August 1, 1869, with interest at the rate of seven per cent per annum, to be paid semi-annually in gold; but that plaintiff might at his option require the payment of the principal of the loan and the interest at the end of six months by giving thirty days' notice requiring such payment previous to the expiration of said six months, and that to secure such payment the said joint stock association should execute a mortgage, and the defendants should execute their bond to the plaintiff. In pursuance of this agreement, and to carry it into effect, the defendants made and executed, under their hands and seals, and delivered to said Breed and Young the bond described in the complaint in this action, and said Breed and Young executed, under their hands and seals, an assignment thereof to plaintiff, and also of a mortgage, which was described in said assignment as bearing date June 15, 1869, and made by Seth Clark, as president, and Oliver H. P. Champlin, secretary and treasurer of the Buffalo and North Carolina Gold Mining Company, and covering certain lands and property in the county of Cabarrus and State of North Carolina, and as made to secure the payment of said bond. The assignment also recited that it was made to secure the payment of the sum of $4,000, at the end of one year from the first day of August, 1869, with interest thereon at seven per cent in gold semi-annually, but that said plaintiff might, at his option, require the payment of the principal and interest at

the end of six months by giving thirty days' notice previous to the expiration of said six months. The said bond and assignment were delivered to the plaintiff on the 29th day of July, 1869, and at the same time the plaintiff paid to the said defendant Champlin, as secretary and treasurer of said joint stock association, the sum of $2,000 as part of said loan, and for the remainder thereof the plaintiff made and delivered to said Champlin two promissory notes, each dated July 20, 1869, each for the sum of $1,000, each made by said plaintiff and payable to the order of said Champlin, one of them being payable twenty days after its date, and the other thirty days after its date, and neither of them bearing interest. The plaintiff paid each of said notes at maturity. The mortgage described in the assignment was executed, but was never delivered to the plaintiff, having always remained in the possession of defendant Champlin. After the bond was executed, and before it was delivered to the plaintiff, the defendants refused to consent to its delivery to the plaintiff unless the said Breed and Young would agree to become equally liable with the defendants for the payment of the money, and thereupon, and at the request of the defendants, the said Breed and Young indorsed on the back of the bond, and signed an instrument in these words, viz.: " For value received we become jointly liable in all respects with the original makers of the within bond," and the bond so indorsed was delivered to plaintiff.

As conclusion of law, the court found defendants liable for the amount unpaid.

Upon the trial Breed and Young were called as witnesses for the defendants, and they offered to prove by them that by signing the agreement on the back of the bond each intended to adopt as his seal the seals of those who had signed the bond. This was objected to and objection sustained. Defendants' counsel duly excepted.

*James A. Allen* for the appellants. The recovery in this action cannot stand, because it was based on a cause of action

distinct and different in its legal nature and substance from the cause or causes of action set forth in the complaint. (*Barnes* v. *Quigley,* 59 N. Y., 268; *Wright* v. *Delafield,* 25 id., 266; *Ross* v. *Mather,* 51 id., 108; *Scofield* v. *Whitelegge,* 49 id., 259; *Lewis* v. *Mott,* 36 id., 395; *Decker* v. *Satsman,* 1 Hun, 426; *Beard* v. *Yates,* 2 id., 467; *Seward* v. *Torrence,* 5 T. & C., 325; *Gasper* v. *Adams,* 28 Barb., 441; *Whitaker* v. *Merrill,* 30 id., 391; *Tolans* v. *Nat. S. Nav. Co.,* 35 How., 49; *Un. Bk.* v. *Mott,* 18 id., 506; *Foster* v. *Goddard,* 1 Black., 518; *Simmes* v. *Guthrie,* 9 Cranch, 319; *Trip* v. *Vincent,* 3 Barb. Ch., 613; *Harrison* v. *Nixon,* 9 Pet., 483; *Bank* v. *Shutty,* 3 Ohio, 61; *Saddler* v. *Grover,* 5 Dana, 552; *Breckenridge* v. *Ormsby,* 1 J. J. Marsh., 237–264.) The bond executed by defendants was usurious and void. (*Fielder* v. *Darrin,* 50 N. Y., 443; *Tyng* v. *Com. W. Co.,* 58 id., 308; *Eagleson* v. *Shotwell,* 1 J. Ch., 536; *Mer. Ex. Nat. Bk.* v. *Com. W. Co.,* 49 N. Y., 641; *Un. Nat. Bk. of P.* v. *Wheeler,* 60 id., 612; *Rosa* v. *Butterfield,* 33 id., 665.)

*J. M. Humphrey* for the respondent. There was no variance between the cause of action alleged in the complaint and that proved. (Code, §§ 169, 171, 176.) The consideration for the assignment of the bond to plaintiff was not usurious. (Laws 1850, chap. 172, p. 334; *Rosa* v. *Butterfield,* 33 N. Y., 665; Tyler on Usury, 151.)

Church, Ch., J. The learned counsel for the defendants asks for a reversal of the judgment in this action, upon three grounds. 1. That the recovery was for a different cause of action from that set forth in the complaint. 2. For usury. 3. For defect of parties defendant.

The first ground is clearly untenable. The complaint contains two counts; the first alleges the making and delivery by defendants of a bond in the penal sum of $10,000, conditioned to pay Breed and Young $5,000, and an assignment for value by the latter to plaintiff. The second count alleges, that the defendants covenanted under their hands and seals, to pay

Breed and Young $4,000, which covenant was assigned by the latter to plaintiff for value. The recovery was substantially for the cause of action set forth, although some of the circumstances as proved and found attending it were not averred. It is found that the defendants and Breed and Young were stockholders in a North Carolina gold mining company, and agreed with the plaintiff for a loan to the company of $4,000, to be secured by a mortgage of the company upon its real estate in North Carolina, and the bond of the defendants. The omission to state the relation of the parties to the company, and the application for the loan, or that Breed and Young were nominal obligees only, or all the terms of the assignment, or that the loan was made to the company did not make a failure of proof of the cause of action set up in the complaint, nor a substantial variance, and certainly not one which could have misled the defendants. It is unnecessary to set forth the evidence or the circumstances attending the transaction. It is sufficient to charge the legal effect of a transaction, contract or instrument in writing.

The defence of usury is predicated, first, upon the fact that the bond was conditioned to pay $5,000, when only $4,000 was loaned upon it; second, that interest was payable in gold; and third, that for $2,000 of the $4,000 loaned the plaintiff gave his notes for twenty and thirty days, without interest. The bond, although in form for $5,000, was assigned in terms to secure $4,000, and was a security in the hands of the plaintiff for only $4,000, and was so intended by the parties, and has been so treated since by them in the payment of interest and principal. The circumstance that the interest was payable in gold is not set up in the answer as a fact constituting usury, and need not, therefore, be considered. The giving of the notes for twenty and thirty days, without interest, for a portion of the loan, is not found to have been done in pursuance of a usurious agreement, or with the intent to receive or secure more than the lawful rate of interest, and we may imply, for the purpose of upholding the judgment, a finding that there was no such intent. The only question, then, is,

whether that circumstance constitutes usury in law. I think, very clearly, that it does not. It may have been done, and from the evidence was done, for the convenience of the defendants. The plaintiff had but $2,000 in money at the time, but said he would have it in a few days, and the notes were given at the defendants' request. The evidence repels the idea that this was resorted to to secure more than seven per cent. The defendants might have required the plaintiff to have made an allowance for the interest upon the $2,000, until it was advanced, but the defence of usury cannot be established, as a question of law, upon such a trivial and usual occurrence, and one so clearly capable of an innocent construction. The third ground, a defect of parties, has more plausibility. It is found that the defendants refused to deliver the bond to the plaintiff, unless Breed and Young would agree to become equally liable with them for the payment of the money which the plaintiff had agreed to loan to the company, and that, at their request, Breed and Young thereupon indorsed on the back of the bond the following : " For value received we become jointly liable, in all respects, with the original makers of the within bond." This instrument was not under seal. The learned judge who tried the action must have inferred that this was an arrangement for the benefit of the defendants to secure to them the right of contribution against Breed and Young, in case of payment by them, and we think this inference was fully warranted by the evidence. The plaintiff had no connection with, or knowledge of, this transaction. He loaned the money upon the defendants' personal responsibility, and neither required nor cared for Breed and Young's obligation. The defendants exacted it. Breed and Young were obligees named in the bond, and could not be obligors at the same time ; nor did the defendants require that they should be, nor was the form of their undertaking apt and proper to constitute them joint obligors. If their agreement was with the defendants, the plaintiff could not have maintained an action upon it, but, if he could, it must have been separate from the action against the defend-

ants.   If it had been intended to make them joint obligors in the bond, a different form would have been adopted.   If the plaintiff could have maintained an action upon it at all, the instrument must have been treated as a guaranty.   The defendants will not be substantially injured because Breed and Young are unquestionably liable to contribute to them for their proportion of any amount which they will be obliged to pay, and they will also be subrogated to the rights of the plaintiff in the mortgage executed by the company.   In equity the plaintiff was entitled to the mortgage, and Champlin would be deemed to hold it for his benefit.   The objection of a defect in parties is, in this case, somewhat technical, and, as the transaction is capable of a construction which obviates it, that construction should be given to it.

The objection to the question to Breed and Young, whether they intended, by signing the indorsement, to adopt the seals of the obligors, was properly sustained.   The question upon this part of the case was whether they did adopt the seals, and that depended upon what they did and said and not upon any mental emotion, and, if they did adopt them, their intent was immaterial.   The rule of allowing a person to testify to an intent has never been carried to such an extent.   That rule applies when the intent with which an act is done is the material point in issue, as the assignment of property with intent to defraud creditors, assault with intent to kill, and the like.

The judgment must be affirmed.

All concur.   FOLGER, J., absent.

Judgment affirmed.