THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH J.
TREAT, Respondent, *v.* BIRD S. COLER, as Comptroller of
the City of New York, Appellant.

1. CONSTITUTIONAL LAW — NON-COMPLIANCE WITH LABOR LAW AS
TO USE OF STONE WORKED, DRESSED OR CARVED WITHIN THE STATE NO
DEFENSE TO MANDAMUS TO COMPEL PAYMENT OF AMOUNT DUE ON
MUNICIPAL CONTRACT. The fact that a municipal contractor, who has
fully performed his contract for the construction of a sewer and
has received from the proper authorities a certificate showing that he has
earned the contract price, has, in violation of the Labor Law (L. 1895,
ch. 413, substantially re-enacted L. 1897, ch. 415), used stone not worked,
dressed or carved in the state of New York, is no defense to a proceeding
by mandamus to compel the city to pay him the amount due, although it
is provided therein that for such violation the contract shall be revoked
and the city shall be discharged from all liabili y thereunder, since the
Labor Law, so far as it relates to such a case, is violative of the State Con-
stitution for the same reasons stated in *People ex rel. Rodgers* v. *Coler*
(*ante*, p. 1).

2. LABOR LAW ALSO VIOLATIVE OF COMMERCE CLAUSE OF FEDERAL
CONSTITUTION. The Labor Law, so far as it compels municipalities and
contractors to use, in the construction of public works, only such stone as
is cut, carved or dressed in the state of New York, is a regulation of com-
merce between the states which the legislature has no power to make, and
is void under the commerce clause of the Federal Constitution.

3. CONTRACTOR'S AGREEMENT TO COMPLY WITH LABOR LAW NO
DEFENSE TO PROCEEDING. The contractor's agreement to do what the
Labor Law required is no defense to the proceeding since his agreement
rests upon the statute and falls with it.

*People ex rel. Treat* v. *Coler*, 56 App. Div. 459, affirmed.

(Argued February 25, 1901; decided March 8, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, made Janu-
ary 8, 1901, which reversed an order of Special Term deny-
ing a motion for a peremptory writ of mandamus command-
ing the defendant to deliver to the relator a warrant on the
chamberlain of the city of New York for the payment of an
amount earned under a contract with said city for the build-
ing of a sewer, and granted such writ.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John Whalen, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for appellant.   Chapter 413 of the Laws of 1895 is constitutional.   (*People ex rel.* v. *Daly*, N. Y. L. J. Dec. 10, 1894.)   The legislature has the constitutional power to prescribe the conditions in question and make them obligatory upon all officers and contractors concerned in the performance of public work.   (*Matter of P. E. School,* 46 N. Y. 181; *Smith* v. *Mayor, etc.,* 10 N. Y. 504; *Board of Supervisors* v. *Bates,* 17 N. Y. 242; *Bonesteel* v. *Mayor, etc.,* 22 N. Y. 162; *Donovan* v. *Mayor, etc.,* 33 N. Y. 291; *McDonald* v. *Mayor, etc.,* 68 N. Y. 23; *Hodges* v. *City of Buffalo,* 2 Den. 110; *Delafield* v. *State of Illinois,* 2 Hill, 159; *People* v. *Budd,* 117 N. Y. 1; *Budd* v. *New York,* 143 U. S. 517; *People* v. *Havnor,* 149 N. Y. 195.)   The legislation in question is not unconstitutional on any of the grounds urged by the relator.   (*People* v. *Phyfe,* 136 N. Y. 554; *State* v. *McNally,* 48 La. Ann. 1450; *Holden* v. *Hardy,* 14 Utah, 71; 169 U. S. 366; *Short* v. *B. B. & C. Min. Co.,* 57 Pac. Rep. 720; *Matter of Dalton,* 59 Pac. Rep. 336.)   The act in question does not violate the provisions of the interstate commerce clause of the Constitution.   (*Turner* v. *Maryland,* 107 U. S. 38; *Willis* v. *S. O. Co.,* 50 Minn. 290; *State* v. *P. & S. C. Co.,* 41 La. Ann. 465; *Glover* v. *Board of Inspectors,* 48 Fed. Rep. 348; *State* v. *P. S. H. & R. Co.,* 46 La. Ann. 1031; *M. T. Co.* v. *City of Charlotte,* 93 Fed. Rep. 11; *M., K. & T. Ry. Co.* v. *McCann,* 174 U. S. 580; *Crutcher* v. *Kentucky,* 141 U. S. 47; *P. T. C. Co.* v. *City Council of Charleston,* 153 U. S. 692; *Osborne* v. *Florida,* 164 U. S. 650.)   Whether or not the act in question be constitutional, the relator is bound by the terms of his contract, and having received its benefits is estopped from claiming that it is illegal.   (*Mayor, etc.,* v. *Sonneborn,* 113 N. Y. 423; *City of Buffalo* v. *Balcom,* 134 N. Y. 532; *B. G. L. Co.* v. *Claffy,* 151 N. Y. 24; *People ex rel.* v. *Beck,* 10 Misc. Rep. 79.)

*L. Laflin Kellogg* and *Alfred C. Petté* for respondent. Chapter 413 of the Laws of 1895, now incorporated in and

146 · People ex rel. Treat *v.* Coler. [Mar.,

Opinion of the Court, per O'Brien, J. [Vol. 166.

part of the Labor Law (Laws of 1897, chap. 415), providing
that all stone used in state and municipal work, except paving
blocks and crushed stone, shall be worked, dressed and carved
within this state, and that every contract or specification here-
after awarded by the state, county or municipal authorities,
authorizing or requiring the use of dressed stone, shall con-
tain a clause to the effect that such stone shall be dressed
within the boundaries of this state, is in contravention of the
commerce clause of the Constitution of the United States, and
absolutely void. (*United States* v. *C. D. Assn.*, 85 Fed. Rep.
252; *Schollenberger* v. *Pennsylvania*, 171 U. S. 1; *People* v.
*Hawkins*, 157 N. Y. 1; *People* v. *Buffalo Fish Co.*, 164 N.
Y. 93; *City of Buffalo* v. *Reavey*, 37 App. Div. 228; *Leisy*
v. *Hardin*, 135 U. S. 100; *Lyng* v. *Michigan*, 135 U. S. 161;
*Minnesota* v. *Barber*, 136 U. S. 313; *Brimmer* v. *Rebman*,
138 U. S. 78; *Bowman* v. *C. & N. W. Ry. Co.*, 125 U. S. 465.)
The statute is unconstitutional because it is in conflict with
the Constitution of this state and the fourteenth article of
amendment of the Constitution of the United States. (*Mat-
ter of Jacobs*, 98 N. Y. 98; *People* v. *Marx*, 99 N. Y. 378;
*People* v. *Gillson*, 109 N. Y. 389; *Colon* v. *Lisk*, 153 N. Y.
188; *People* v. *Hawkins*, 157 N. Y. 1; *People ex rel.* v.
*Warden of Prison*, 157 N. Y. 116; *Blake* v. *McClung*, 172
U. S. 239; *Godcharles* v. *Wigeman*, 113 Penn. St. 431;
*Frame* v. *Felix*, 167 Penn. St. 47; *State* v. *Goodwill*, 33 W.
Va. 179.) The relator has not and could not waive his right
to question the constitutionality of the statute by reason of
the provision in his contract — that all stone to be used by
him should be worked, dressed or carved within the bound-
aries of this state. (*Branch* v. *Tomlinson*, 77 N. C. 388;
Cooley's Const. Lim. 335; *Phelps* v. *Phelps*, 72 Ill. 545;
*Recht* v. *Kelly*, 82 Ill. 147; *Kneettle* v. *Newcomb*, 22 N. Y.
249; *Mass. Nat. Bank* v. *Shinn*, 163 N. Y. 360.)

O'Brien, J. The learned court below awarded a peremp-
tory writ of mandamus against the comptroller of the city of
New York commanding him to deliver to the relator a

warrant for the payment of the sum of $3,201.63, the amount
earned under a contract for constructing a sewer. There was
some difference of opinion in the court below upon the point
whether the application should not be denied, as a matter of
discretion, and the relator compelled to resort to an action to
enforce his claim. The court, however, exercised its discretion
in favor of the relator. There was power in the court to grant
the writ, and, hence, the question with respect to the proper
exercise of that discretion is not here.

In August, 1899, the relator entered into a written contract
with the city, whereby he undertook to construct a sewer
according to dimensions and specifications prescribed by
the contract. It was provided that the chief engineer
of sewers should, in all cases, determine the amount of
the several kinds of work to be paid for under the con-
tract and all questions in relation to the work and the
construction thereof, and that his estimate and decision
should be final and conclusive upon the contractor; that upon
the completion of the work and the certificate thereof by the
engineer and inspector the city would pay the whole amount
due under the contract, except such sums as might be law-
fully retained for any of the purposes specified therein. The
relator proceeded to perform his contract and completed the
work and a certificate to that effect was made by the engineer
and inspector in charge, and the work was actually accepted
by the city and approved by its officers more than thirty days
prior to the commencement of this proceeding. From the
certificate of these city officers it appeared that there had been
earned and was then due for work done and materials fur-
nished, after deducting the amounts authorized to be retained
for repairs, the sum of $3,201.63. This certificate was filed
in the office of the comptroller; but he refused to draw a
warrant on the chamberlain for the sum thus due, or to deliver
the same to the relator, or to make payment under the con-
tract. These facts are set forth by the relator in his mov-
ing papers, in detail. The answering affidavit makes no denial
of the facts alleged. The ground upon which the comptroller

148          People ex rel. Treat *v.* Coler.          [Mar.,

Opinion of the Court, per O'Brien, J.          [Vol. 166.

bases his refusal is that the relator did not comply with chapter 413 of the Laws of 1895, which requires that all stone of any description, except paving blocks and crushed stone, used in municipal work of this character, and which is to be worked, dressed or carved for such use, shall be so worked, dressed or carved within the boundaries of this state. It is stated in the affidavit that, in the month of April last, the comptroller was notified, in writing, that the relator in the performance of the contract had procured to be cut, carved and finished in the state of New Jersey a certain granite sewer basin, which was used by the relator in the completion of the contract in question.

The statute in question (Laws of 1895, ch. 413) is now section fourteen of the Labor Law (Laws of 1897, ch. 415), and provides that " All stone of any description, except paving blocks and crushed stone, used in state or municipal works within this state, or which is to be worked, dressed or carved for such use, shall be so worked, dressed or carved within the boundaries of the state. A clause shall be inserted in all specifications or contracts hereafter awarded by state, county or municipal authorities, authorizing or requiring the use of worked, dressed or carved stone therein except paving blocks and crushed stone, to the effect that all such stone shall be worked, dressed or carved for such use as required by this act. If any contractor within this state, or within a municipal corporation of the state, shall violate any provision of this act, the state or such municipal corporation shall revoke said contract, and shall be discharged from any liability to any such contractor by reason of said contract." In pursuance of this enactment the contract between the relator and the city contained the following provision : " All stone of any description, except paving blocks and crushed stone, used in state or municipal work within this state, or which is to be worked, dressed or carved for said work, shall be so worked, dressed or carved within the boundaries of the state."

It is admitted in the record that the relator actually performed the work specified in the contract, according to its

terms and specifications, and that the sum claimed by him for payment of which the comptroller was directed by the mandamus to draw his warrant has been earned and is due. The only obstacle to payment found to be in the relator's way is the fact that he purchased a granite sewer basin in the state of New Jersey cut, carved and dressed there instead of in the state of New York. It is urged that this fact furnishes a complete defense to the city against the relator's claim for payment, although the work has been accepted and the city and the property owners on the street are enjoying the benefit of it.

It is not necessary to examine the questions involved in the defendant's answer to the application for the writ, since they have just been examined and passed upon in another case. (*People ex rel. Rodgers* v. *Coler,* 166 N. Y. 1.) We have attempted to show in that case that the facts contained in the defendant's answering affidavit constitute no defense whatever to the relator's claim, since the legislature had no power to enact the statute there invoked. We may, however, supplement the decision in that case with a recent decision quite analogous in principle in which the same or similar questions were discussed. (*Allgeyer* v. *Louisiana,* 165 U. S. 578.) We hold in this case without further discussion that the enactment requiring all stone for use in municipal work to be cut, carved or dressed within this state is subject to the same objections.

This case, however, presents a new and additional question which was not involved in the *Rodgers* case. It will be seen by the provisions of the statute that the city and the contractor have, in effect, been forbidden to purchase a granite sewer basin that had been dressed or carved in any other state. The city and the contractor are virtually prohibited from procuring such dressed or carved stone, as may be needed in the construction of the work or the performance of the contract in any other state. The citizen of another state who has prepared dressed or carved stone for the market is virtually prohibited from selling the same in this state to a municipality

or contractor for use in any public work. The stone used in such work must be dressed or carved within the jurisdiction of this state, and if the contractor ignores the statute and procures dressed or carved stone in another state the city is directed to revoke his contract, and thereupon it shall be discharged from all liability to pay him for the work.

We think that this statute is void, not only for the reasons stated in our decision in the case cited, but for the further reason that it is in conflict with the commerce clause of the Federal Constitution. It is a regulation of commerce between the states which the legislature had no power to make. The citizens of other states have the right to resort to the markets of this state for the sale of their products, whether it be cut stone or any other article which is the subject of commerce. The citizens of this state have the right to enter the markets of every other state to sell their products, or to buy whatever they need, and all interference with the freedom of interstate commerce by state legislation is void. Under the Constitution of the United States, business or commercial transactions cannot be hampered or circumscribed by state boundary lines, and that is the effect of the statute in question. We do not think it necessary to enter into any argument to establish these propositions, since the ground has been covered by the discussion in two recent cases in this court. (*People* v. *Hawkins*, 157 N. Y. 1; *People* v. *Buffalo Fish Co.*, 164 N. Y. 93.)

The decisions in the Supreme Court of the United States, referred to in these cases, are conclusive upon the question. The provision of the contract whereby the contractor agreed to do what the statute required is only a part of the legislative scheme to compel municipalities and contractors to use only such stone as was cut, carved or dressed within this state in the construction of public works, and, consequently, is subject to the same objection as the statute itself. The contractor's agreement rests upon the statute and must fall with it. The plain purpose and effect of this provision of the contract is to restrict intercourse between the states and compel the city or the contractor to bring stone in the rough here to

be dressed, cut or carved by workmen here. The statute and the contract made pursuant to its command were intended to accomplish the same purpose, and both must fall together. (*Addyston Pipe & Steel Co.* v. *United States*, 175 U. S. 211.)

The order should be affirmed, with costs.

PARKER, Ch. J. (dissenting). I do not concur in the decision of the court because,

1. The relator bound himself by an agreement, voluntarily entered into with the city of New York, to have the stone used on its work cut and dressed within the state of New York. He is not relieved from the performance of his agreement in that respect, because the city insisted that unless he so agreed he could not obtain the contract, when it need not have so insisted, because there was no valid statute requiring it.

If it be true that section 14 of the Labor Law is unconstitutional, because in directing the city authorities to insert in the contract the cut-and-dressed-stone provision, the legislature invades municipal rights and powers (which I still doubt), nevertheless the municipal authorities, who were to determine what provisions should be incorporated into the contract, were not bound to resist the statute on that ground, and might, as they did, heed its suggestions and give them effect. For if the right were theirs to determine the conditions of the agreement, without interference from the legislature, it was none the less their determination because some part of it was borrowed from a statute that they were not bound to heed. And it was just as much their determination as it would have been had some part of it been borrowed from the form of a contract employed by some other municipality that they could but need not follow. So, whether the statute was void or not, the municipal authorities had the power to insist, as they did, upon the conditions in controversy, and the contractor had the right to reject or accept the contract on those terms. He chose to accept, and he should now be held to this agreement as the other party to it demands.

152          People ex rel. Treat v. Coler.          [Mar.,

Dissenting opinion, per Parker, Ch. J.          [Vol. 166.

2. Section 14 of the Labor Law does not violate the State Constitution. My reasons for that position are sufficiently presented by the dissenting opinions in *People ex rel. Rodgers v. Coler* (166 N. Y. 25, 41).

3. Section 14 of the Labor Law is not in contravention of the Federal Constitution.

If that section sought to prevent the citizens of this state from using stone cut and dressed in another state, it would unquestionably offend against the commerce clause of the Federal Constitution and be void. But the statute does not attempt to interfere with the liberty of any citizen to have such stone as he may use cut and dressed where and by whom he shall choose. On the contrary, the statute is but an attempt on the part of a sovereign state to exercise the same function of choice in such regard as the Constitution secures to the citizen. While the state cannot say to the citizen that he must have the stone used in his residence cut and dressed within the state, neither the Federal nor State Constitution prevent him from deciding that he will not build a residence unless the stone to be used in it are cut and dressed within the state, nor from incorporating into a contract with a builder a provision that, unless every stone used in the structure be both cut and dressed within the state, the contract shall be void and the contractor deprived of compensation.

But the liberty of contract with which the citizen is endowed is no greater than that with which the state is invested when it enters on a scheme of construction for the public good. If, as respects freedom of contract, all the people of the state acting together are not greater than one of the units — a citizen — they are at least as great and may be as capricious as it is possible for an individual to be touching the style of architecture, quality of materials, character of workmen and rate of compensation that they will offer for work to be performed.

The legislature in a statute authorizing the construction of any public work may provide for every detail if it chooses, or it may delegate the whole or some part of the details to an

agent or agency. But whichever method it may adopt the choice of materials and of men and the determination whether the work shall be done by day's work or by contract, are the choice and determination of the sovereign — the people — speaking through their chosen representative — the legislature — upon which has been conferred every power and authority not expressly forbidden it by the Constitution, including, therefore, necessarily, the power to determine whether in a public structure brick or stone shall be used, and if the latter, from what quarries they shall be taken, where cut and dressed and by whom — and that is all that section 14 of the Labor Law seeks to accomplish.

It may not be wise for a legislature to thus discriminate as to its public work in favor of its own citizens, but whether it be or not the courts have no right to inquire, for they are without authority to correct a statute even if in their judgment it be founded on an erroneous view of sound principles of political economy. A statute is law, which the courts must both obey and administer unless it violates either the Federal or State Constitution, in which event it is void, and as the courts decide what the law is, they may so declare. But when, as in this case, the statute complained of relates only to the administration of the business affairs of the state, it cannot, I think, be said to offend against the commerce clause of the Federal Constitution, for through it the legislature is but exercising the right of choice that belongs to the people as a whole as well as to the individual proprietor.

BARTLETT, MARTIN, VANN and LANDON, JJ. (and HAIGHT, J., on authority of *People ex rel. Rodgers* v. *Coler*), concur with O'BRIEN, J., for affirmance; PARKER, Ch. J., reads dissenting memorandum.

Order affirmed, with costs.