### KUNZ v. BOSSELMAN.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. INJUNCTION (§ 96*)—GROUNDS—PUBLICATION OF PORTRAIT.

At common law the publication of one's portrait could not be restrained, where it was not alleged that the publication was libelous; but such right is given by Laws 1903, p. 308, c. 132, when the portrait is used for purposes of trade or as an advertisement.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 167; Dec. Dig. § 96.*]

2. INJUNCTION (§ 118*)—PROCEEDINGS—PLEADING—SUFFICIENCY OF ALLEGATION.

In a suit to restrain the publication of a portrait under Laws 1903, p. 308, c. 132, a complaint alleging that defendant, engaged in the business of publishing and selling portraits, etc., among other places, in the city of New York, unlawfully and without plaintiff's consent, in violation of the act, offered for sale, for the purposes of trade, her portrait, sufficiently alleged that the acts complained of were committed in the state of New York.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 225; Dec. Dig. § 118.*]

Appeal from Special Term, Kings County.

Action by Hattie Kunz, an infant, by Catherine B. Rocklein, her guardian ad litem, against Andreas C. Bosselman. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Rudolph Marks, for appellant.
George E. Miner, for respondent.

RICH, J. At common law an action would not lie to restrain the publication of one's portrait, where it was not alleged that the publication was libelous. Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828. Such publication may now, however, be restrained in this state, under chapter 132, p. 308, of the Laws of 1903, which provides that:

"A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And that:

"Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the Supreme Court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof, and may also sue and recover damages for any injuries sustained by reason of such use."

The complaint alleges that the defendant was engaged in the business of publishing and selling portraits, photographs, among other places, at No. 469 Broadway, borough of Manhattan, New York City, under the firm name and style of A. C. Bosselman & Co., and that this defendant publicly, knowingly—

"and without the consent, written or otherwise, of this plaintiff, or of her parents or guardians, and in spite of the remonstrances and protests of this plaintiff, and in violation of chapter 132 of the Laws of 1903 of the state of New York, entitled 'An act to prevent the unauthorized use of the name or picture of any person for the purposes of trade,' has used, displayed, circulated, and offered for sale, and for the purposes of trade, and is still using, displaying, circulating, and offering for the purpose of sale and trade, the portrait and picture of this plaintiff, the said Hattie Kunz."

The contention of the learned counsel for the appellant that the complaint is defective, in that it fails to allege that the acts complained of were committed in the state of New York, is without merit. It is true that it will be necessary for plaintiff to prove upon the trial that her portrait has been published in this state, and it was necessary to allege every fact necessary to bring the case within the statute. The complaint, stripped of verbiage, states that the defendant, engaged in the business of publishing and selling portraits, photographs, pictorial post cards, and souvenirs, among other places, in the city of New York, unlawfully and without the consent of this plaintiff, written or otherwise, in violation of chapter 132, p. 308, of the Laws of 1903, has used, circulated, and offered for sale, for the purposes of trade, her portrait and picture. In my opinion this amounts to an allegation that the acts complained of were committed in this state. In Rochester Railroad Company v. Robinson, 133 N. Y. 246, 30 N. E. 1008, Judge Maynard said:

"A statement is not to be deemed any the less a statement of fact because its ascertainment may depend upon some principles of law applicable to various other facts and circumstances (Prickhardt v. Robertson, 4 Civ. Proc. R. 112), and it has always been held to be good pleading, under the Code, to state facts according to their legal effect (Brown v. Champlin, 66 N. Y. 214; Thayer v. Gile, 42 Hun, 268). 'Pleadings are not now to be strictly construed against the pleader, and averments which sufficiently point out the nature of the pleader's claim are sufficient, if under them, upon a trial of the issue, he would be entitled to give all the necessary evidence to establish his claim.' Berney v. Drexel, 33 Hun, 34–37. An allegation that due proceedings had been taken to establish a mechanics' lien was held on demurrer to be good. McCorkle v. Herrmann, 22 N. Y. St. Rep. 519, 5 N. Y. Supp. 881."

While perhaps more scientific care ought to have been exercised in drawing this complaint, it states, nevertheless, a cause of action under the statute, and the interlocutory judgment must be affirmed, with costs.

GAYNOR, J. (concurring). The place does not need to be alleged. It was only necessary to allege generally the use being made of the plaintiff's picture without her consent, and leave the place and particulars to the evidence. Such a complaint would not be demurrable on the theory that the place "might" be out of the state. It might be and it might not, and either could be proved under the general allegation. The allegation of the statute in the complaint is mere verbiage. Because the plaintiff has alleged it the defendant demurs on the theory that the place "may" be outside of the state. Yes, but it may not be; that is for the evidence; and if out of the state the common law there might sustain the action.

Interlocutory judgment affirmed, with costs. All concur.