(71 Misc. Rep. 171.)

EWEN v. THOMPSON-STARRETT CO. et al.

(Supreme Court, Special Term, Kings County. March 29, 1911.)

1. MUNICIPAL CORPORATIONS (§ 220*)—PUBLIC WORKS—WAGES OF WORKMEN —LABOR LAW—SUBCONTRACTOR.

That the portion of a contract for the erection of a building for a city which provides for the furnishing of the stone work is sublet does not affect the question whether the work on the stone, which is done in another state, is subject to Labor Law (Consol. Laws, c. 31) § 3, regulating the wages to be paid workmen on public works or materials to be used in connection therewith.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

2. MUNICIPAL CORPORATIONS (§ 220*)—PUBLIC WORKS—WAGES OF WORKMEN —LABOR LAW—WORK OUT OF STATE.

Labor Law (Consol. Laws, c. 31) § 3, providing that workmen on public works or material used in connection therewith shall be paid the wages prevailing in the locality within the state where the public work in its completed form is to be situated, does not apply to work done out of the state on the material.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Robert Ewen against the Thompson-Starrett Company and others. Heard on plaintiff's motion for injunction. Denied.

Clarence J. Shearn, for plaintiff.
O'Brien, Boardman & Platt, for defendant Thompson-Starrett Co.
Archibald R. Watson, Corp. Counsel.

CRANE, J. The Thompson-Starrett Company has a contract with the city of New York for the erection of the new municipal building. In this contract the Thompson-Starrett Company agreed with the city to comply with all the terms and provisions of the labor law (Consol. Laws, c. 31); the eight hour and prevailing rate of wage clauses being set forth in full in the contract. That portion of the contract which provided for the furnishing of the stone work was sublet to the Mt. Waldo Granite Works, which is doing a large part of this work at its place of business in Maine. For the purposes of this motion, the Mt. Waldo Granite Company stands in the same position as the Thompson-Starrett Company, and the work done by the former cannot be considered as a mere purchase of materials in the state of Maine, but is the doing of part of the work contemplated by the contract out of the state.

The question presented upon this motion is simply this: Can a contractor under the labor law agreeing with the city for municipal work do a large part of the work out of the state, and, if he does, must he pay to the workmen on this out of state work the rate of wages prevailing in the city? The facts in this case are that the cutting, trimming, and dressing of the stone pursuant to the plans and specifications is done in Maine at $3 per day per workman; the prevailing rate in New York City where the municipal building is in process of erection being $4.50 per day. It is conceded that for all work done within the state of New York the prevailing rate of wages has been and is being paid. Can a contractor, therefore, do part of the work out of the state without paying the out of state workmen the rate of wages prevailing in New York state? The plaintiff claims that he cannot and seeks by this motion an injunction under section 4 of article 2 of the labor law preventing payment of money earned under the contract. The defendants claim that there has been no violation of the contract or of the labor law.

(1) There is nothing in the contract of the Thompson-Starrett Company with the city of New York that requires the cutting, dressing, and trimming of stone to be done within the state of New York. The details regarding the doing of this work are very full and complete, even providing in section 179 of the contract that "all carving of granite work shall be hand work done * * * under the direction of a master carver who shall have had at least five years experience as such," etc., but I can find among the numerous details no restriction as to the place of work.

(2) There is nothing in the labor law (chapter 36 of the Laws of 1909) which requires any work or this work of cutting, trimming, and dressing stone to be done at or near the place of construction, or within the state of New York. Section 14 of chapter 415 of the Laws

of 1897, requiring that all stone used in state or municipal work shall be worked, dressed, and carved within the state, was declared unconstitutional in People ex rel. Treat v. Coler, 166 N. Y. 144, 59 N. E. 776. This provision, therefore, was not continued in the subsequent labor law. Whether such a provision would now be declared unconstitutional by the Court of Appeals may be open to question. Sufficient for this motion that there is nothing in the contract before me, or in the labor law, which would prevent the Thompson-Starrett Company or the Mt. Waldo Granite Works from working upon the stone outside of the state of New York. If, therefore, this work can be done without the state must the contractors pay the out of state workmen the wages prevailing within this state?

1. There is nothing in the contract or in the labor law which states so specifically.

2. Was section 3 of article 2 of the labor law intended to apply to any other workmen than those working within the state of New York? The acts of a state legislature can have no extraterritorial effect, and, of course, should not be presumed to apply to any other conditions than exist within the state. Then, again, it is specifically stated in section 3 that the eight-hour provision only applies to employés in this state, and, as the prevailing rate of wage clauses immediately follow in the same section, it is the natural conclusion that these also apply only to workmen within the state. The wording of section 3 indicates that it only applies to the work done in the state.

3. Also, we might expect that, if the labor law of New York state is to be given the interpretation demanded by the plaintiff, we would find in other states a like regulation. The labor legislation throughout the country might reasonably be presumed to be uniform. This plaintiff is the financial secretary of the New York branch of the Granite Cutters' International Association of America. The association, I take it, is interested in the welfare of the granite cutters in every state of the Union, and seeks uniform legislation where like conditions prevail. The labor laws, like the employer's liability acts, have been a matter of gradual growth in the various states, and have been reasonably uniform in their aims and purposes. While, therefore, no guide for the interpretation of the New York statute, it may be of some help in determining the purpose and intent of the statute to refer to the labor law of Massachusetts (Laws 1907, c. 269, found in the Supplement to the Revised Laws of the Commonwealth of Mass. p. 828), which reads:

"Every contract, excluding contracts for the purchase of materials or supplies, to which the commonwealth, or of any county therein, * * * is a party, which may involve the employment of laborers, workmen or mechanics shall contain a stipulation that no laborer, workman or mechanic working within this commonwealth in the employ of the contractor, subcontractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract, shall be requested or required to work more than eight hours in one calendar day, and every such contract which does not contain this stipulation shall be null and void."

It will be noted that this law specifically states that it only refers to workmen within the state. Such is the policy of Massachusetts. Such clearly to my mind is the meaning of the labor law of New York.

Counsel for the plaintiff insists very strenuously that by taking the work into adjoining states the purposes of the constitutional amendment of 1905 and the labor law of 1909 can be defeated. If individuals have that liberty of contract which enables them to provide that the work contracted for shall be done at a particular place, it may be difficult to understand why the state or a municipality thereof has not the same liberty of contract. When it comes to the question whether the Legislature can compel the municipality to require the cutting, trimming, and dressing of stone to be done within the state of New York, it may be that the constitutional amendment of 1905 is not broad enough to extend the power of the Legislature to such regulation and control. However, this matter is not before me, and must finally rest, should such legislation be re-enacted, with the highest court of this state to again consider its own cases in the light of the Atkin Case (Atkin v. Kansas, 191 U. S. 207, 24 Sup. Ct. 124, 48 L. Ed. 148), and the constitutional amendment of 1905.

For the reasons above stated, the motion for injunction herein is denied.