JOSEPH DOBBINS, Respondent, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Third Department, March 7, 1917.

Carriers — when shipper not bound to accept erroneous bill of lading — liability of carrier for refusal to issue bill of lading and to deliver goods to consignee — pleading — complaint — statement of facts according to legal effect.

A shipper is not obliged to accept a bill of lading making an admission against himself not warranted by the facts.

When a carrier refuses to ship cabbage placed in its cars unless the shipper accept a bill of lading stating, contrary to the facts, that the cabbage were "more or less frozen when received," and ships them to another place and claims that a sale has been made on the shipper's account, the latter is entitled to recover their value.

Complaint in an action by the shipper, under such circumstances, and the evidence received thereunder examined, and *held*, that a recovery in favor of the plaintiff should be affirmed.

Facts may be stated in a pleading according to their legal effect.

WOODWARD and COCHRANE, JJ., disented, with opinion.

APPEAL by the defendant, Delaware, Lackawanna and Western Railroad Company, from a judgment of the County Court of Cortland county in favor of the plaintiff, entered in the office of the clerk of said county on the 23d day of May, 1916, upon the verdict of a jury for $387.85, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Thomson & Byrne* [*F. W. Thomson* of counsel], for the appellant.

*James F. Dougherty* [*Thomas H. Dowd* of counsel], for the respondent.

KELLOGG, P. J.:

When the cabbage were put in the cars, furnished by defendant for them, it was its duty to transport them to the consignee, and in issuing a bill of lading it must issue it according to the facts. Defendant refused to ship the cabbage unless plaintiff would accept a bill of lading with a notation upon it

that the cabbage were "more or less frozen when received." The evidence quite conclusively shows that the cabbage were in good condition and were not "more or less frozen when received." In any question between the plaintiff and the company about the condition of the cabbage this false notation would be some evidence against the plaintiff. He was not obliged to accept the bill of lading, thus making an admission against himself not warranted by the facts. The requirement of the defendant was, therefore, unreasonable and arbitrary, and it violated its duty in refusing to ship the cabbage. Plaintiff was not bound to abandon his effort to ship the cabbage and remove them from the car, as it was defendant's duty to forward them. The defendant shipped the cabbage, not to the destination indicated by the plaintiff, but to another place, and sold them, as it claimed, on the plaintiff's account. The plaintiff, therefore, was entitled to recover their value.

These facts were properly proved under the complaint. It alleged that the plaintiff loaded the cabbage into defendant's car and requested it to transport them to the consignee; that the defendant wholly refused and neglected to issue to the plaintiff a bill of lading and deliver the same to the consignee, and that by reason of the defendant's failure to transport the cabbage and give plaintiff a bill of lading, according to its duty, the cabbage were injured and the plaintiff suffered loss of the value thereof. The recovery is well justified by the allegations of the complaint and the evidence.

It is not necessary to set forth in a pleading all the circumstances attending a transaction; the facts may be stated according to their legal effect. (*Brown* v. *Champlin*, 66 N. Y. 214; *Kunz* v. *Bosselman*, 131 App. Div. 288.)

I, therefore, favor affirmance.

All concurred, except WOODWARD, J., who dissented in opinion, in which COCHRANE, J., concurred.

WOODWARD, J. (dissenting):

The complaint in this action, after alleging the character of the parties, etc., sets forth that "on or about the 28th day of February, 1914, the plaintiff above named tendered to the defendant, at its said shipping station in the town of Homer,

Cortland county, N. Y., 27,060 pounds of cabbage belonging to the plaintiff, which was securely packed for transportation and loaded in car No. 6850 belonging to the defendant, and requested the defendant to receive the same and transport them on its said railroad and in defendant's cars and deliver the same to the consignee; and then and there offered to pay to the defendant the amount of its charges for such transportation; that the defendant had sufficient means and facilities for receiving and transporting said 27,060 pounds of cabbage, but the defendant wholly refused and neglected to issue to the plaintiff a bill of lading or carry said 27,060 pounds of cabbage and deliver the same to the consignee therein named, or any part thereof, to the plaintiff's damage of $405.90; that by reason of the defendant's failure to transport said carload of cabbage, and by reason of the defendant's failure to issue to the plaintiff a bill of lading for said carload of cabbage, which was a duty and obligation assumed and imposed by law upon the defendant under the circumstances and conditions then and there existing and prevailing, and by reason of defendant's failure to perform a duty imposed by law upon it, and as a result of defendant's wrongful acts and omissions, said 27,060 pounds of cabbage suffered from exposure, neglect, delay in transit, and was diminished in weight, frozen, delayed and greatly depreciated in value, all through the carelessness, negligence and omissions of the defendant, to the plaintiff's damage of $405.90." The complaint further alleges that a demand was made upon the defendant and payment refused.

The answer admits the formal allegations in reference to the parties, and " denies each and every other allegation therein contained, except as hereinafter specifically alleged," and then follows with several separate defenses, some of which appear to have the support of evidence. The net result of the pleading is, therefore, to put in issue all of the material allegations above set forth, for the affirmative matters pleaded, and which vary in substantial particulars from the allegations of the complaint, cannot be understood as modifying the denials. The plaintiff was, therefore, called upon to establish the essential elements of his complaint, and because he has failed to do so there was no legitimate question to be submitted to the jury;

it is still necessary that the cause of action pleaded should find support in the evidence.    The allegation of the complaint that the defendant had the necessary facilities for receiving and transporting the cabbages, but that it "wholly refused and neglected to issue to the plaintiff a bill of lading or carry said 27,060 pounds of cabbage, and deliver the same to the consignee therein named, or any part thereof," is denied, and the necessary proof is not furnished by the showing made by the defendant that it in fact tendered a bill of lading across the face of which its agent had written the words, "More or less frozen when received," and which the plaintiff refused to accept. The defendant did not "wholly refuse and neglect to issue to the plaintiff a bill of lading," which constitutes the contract of carriage, but it actually delivered a bill of lading to the plaintiff's employee, which bill of lading the plaintiff subsequently rejected because it did not conform to his idea of what such bill of lading should be.    There was no neglect on the part of the defendant; it acted and delivered a bill of lading in all respects conforming to the requirements of a valid contract for the transportation of these cabbages, so far as appears, but because the defendant's agent placed a notation upon the face of this bill of lading the plaintiff saw fit to refuse to accept it, and thus there was never any agreement on the part of the defendant to transport the cabbages.

 . If the plaintiff had desired to show that the inclusion of this annotation served to vitiate the bill of lading, or that it was the duty of the defendant to furnish a bill of lading without such annotation, he should have made a "plain and concise statement of the facts" (Code Civ. Proc. § 481, subd. 2) and brought to the attention of the court the legal defect in such a bill of lading.    But he has chosen to allege that the "defendant wholly refused and neglected to issue to the plaintiff a bill of lading," and because he has failed to establish this fact he has failed to show that there was any ground for recovery in this action.    The defendant must be presumed to have done its duty under the law; it must be presumed to have issued a lawful bill of lading, and the plaintiff having refused to accept such bill of lading is not in a position to recover by alleging that no bill of lading was issued, and then rely upon evidence

that a bill of lading was issued which he himself declined to accept. That is not the lawful way of presenting the issue of an improper bill of lading. It is true that section 54 of the Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481) provides that "every railroad corporation shall start and run its cars for the transportation of passengers and property at regular times, to be fixed by public notice, and shall furnish sufficient accommodations for the transportation of all passengers and property which shall be offered for transportation at the place of starting, within a reasonable time previously thereto, and at the junctions of other railroads, and at the usual stopping places," etc., but this does not make it the duty of a common carrier to operate its railroad without reasonable rules and regulations in respect to such transportation, among them being a bill of lading showing the character, quantity, etc., of the goods offered and accepted. The defendant has the presumption that it has performed its duty in making preparations for transporting property and in providing a suitable bill of lading, and if the plaintiff wanted to show to the contrary it was his duty to set out the facts; it was his duty to show by the facts pleaded that the bill of lading tendered by the defendant was not a proper compliance with its obligations, and not to deny entirely that such a bill of lading was made. The principle still remains that the judgment to be rendered by any court must be *secundum allegata et probata;* and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue and distinctly and fairly litigated. (*Wright* v. *Delafield,* 25 N. Y. 266, 270.)

Instead of confining itself to this wholesome rule, the learned court below, against the objection of the defendant, submitted to the jury, not whether there had been a failure on the part of the defendant to issue a bill of lading, but whether the cabbages in question were or were not " more or less frozen " when placed in the car. No such issue was tendered by the

plaintiff.   He alleged damages due to the alleged fact that the defendant had " wholly refused and neglected to issue to the plaintiff a bill of lading or carry said 27,060 pounds of cabbage, and deliver the same to the consignee," and he has been permitted to recover on the ground that the cabbages were not more or less frozen at the time they were offered.   There was an utter failure to prove the cause of action alleged in the complaint.   There was no attempt to amend the complaint, but an issue, suggested for the first time by the learned trial court, was given over to the jury, and a verdict rendered for the plaintiff which cannot find a ground in the complaint. Clearly this judgment ought not to stand.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, J., concurred.

Judgment and order affirmed, with costs.