In the Matter of the Application of UNIVERSAL BY-PRODUCTS CORPORATION, Appellant, for a Peremptory Mandamus Order against WILLIAM F. SCHWARTZ, as Commissioner of Public Works of the City of Buffalo, Respondent.

Fourth Department, March 24, 1926.

Municipal corporations — mandamus order to compel commissioner of public works of city of Buffalo to prepare and execute contract authorized by resolution of common council — petitioner alleges that it was lowest bidder and that common council duly and legally adopted resolution accepting bid and directing commissioner of public works to prepare and execute contract — respondent alleges that resolution was illegal — petition is sufficient under Civil Practice Act, §§ 241 and 1316 — alternative order should have been granted — remedy by action for damages will not defeat petitioner's right to mandamus.

The petition for a mandamus order to compel the commissioner of public works of the city of Buffalo to prepare and execute a contract with the petitioner for the erection of a garbage disposal plant is sufficient under sections 241 and 1316 of the Civil Practice Act, since it alleges that the petitioner was the lowest bidder and that thereafter the common council of the city of Buffalo duly and legally adopted a resolution set forth in the petition, directing the commissioner of public works to enter into a contract with the petitioner on the terms of its bid, but that the commissioner refused to enter into or sign the contract; but since the respondent raises the question of the validity of the resolution of the common council, an alternative mandamus order only can be granted, for that issue must be tried as a fact.

The fact that the plaintiff may have had another remedy by an action on his contract for damages does not furnish a legal reason for denying the alternative mandamus order.

APPEAL by the petitioner, Universal By-Products Corporation, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 21st day of May, 1925, denying petitioner's motion for a peremptory mandamus order or, in the alternative, for an alternative mandamus order.

*Elijah W. Holt,* for the appellant.

*Frederic C. Rupp, Corporation Counsel [John E. Livermore* of counsel], for the respondent.

DAVIS, J. The petitioner in applying for a mandamus order set forth in its petition that it had, with others, made a bid to the council of the city of Buffalo for the construction of a garbage disposal plant after the city by its duly constituted officers had by proper acts and negotiations invited such offers. It says the bid it submitted (and annexed to the petition) was the lowest bid; and that it gave a bond conditioned to insure the completion of the work. It alleges further that thereafter a resolution, set forth at length, was duly and legally adopted by the council directing the commissioner of public works to enter into a contract with petitioner on the terms of its bid; but the commissioner refused to enter into or sign the contract. Petitioner applied for a peremptory order of mandamus directing the commissioner of public works to prepare and execute a formal contract as provided in the resolution; or, if it should appear after answer that a material question of fact was involved, that an alternative order be granted.

The respondent in its return denied certain facts in the petition and alleged, among other things, that the resolution in question " was not adopted pursuant to the legal procedure prescribed by the Charter of the City of Buffalo." The application for the order was denied at Special Term.

We think that, on the face of the petition, the petitioner was entitled to an alternative order under the circumstances, at least as a matter of discretion. It would seem that a bid was made and accepted and that all that was lacking was to reduce the contract to the ordinary legal form and have the same signed by the commissioner of public works so that the petitioner might be justified in going forward with the large contract it had undertaken. A resolution duly adopted by a legislative or administrative body with granted powers and duties, imports some color of validity on its face. The allegation that the resolution was " duly and legally adopted " is sufficient in a pleading. The petition for a mandamus order is governed as to its form by the provisions of statute and rule respecting the statement in a complaint of the facts constituting a cause of action. (Civ. Prac. Act, § 1316.) The pleader is not required to set forth the evidence by which the material facts he alleges are to be proved but it is sufficient if he makes a plain and concise statement of those facts showing their legal effect. (Civ. Prac. Act, § 241; *Brown* v. *Champlin,* 66 N. Y. 214; *Rochester R. Co.* v. *Robinson,* 133 id. 242; *Dobbins*

*v. Delaware, L. & W. R. R. Co.,* 177 App. Div. 132; affd., 227 N. Y. 565.)

In drafting such petitions, it is the common method followed in practice to use such words as those employed here in reciting the acts of officers or boards. (See 2 Fiero Spec. Proc. [3d ed.] 1525 *et seq.*) The invalidity of the act of the council is an objection or matter of defense which the petitioner was not bound to anticipate. (See 38 C. J. 872, and cases cited.) The petitioner is entitled to have the issues of fact tried. (Civ. Prac. Act, §§ 1332, 1333.)

The fact that the plaintiff may have had another remedy by an action for damages on his contract does not furnish a legal reason why this petition for a mandamus order should be denied. (*People ex rel. Treat* v. *Coler,* 56 App. Div. 459; affd., 166 N. Y. 144; *People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.,* 168 id. 187; *Matter of Donner-Hanna Coke Corp.,* 212 App. Div. 338, 342.) It does not appear from the record that the petition was denied as a matter of discretion at Special Term.

The order should be reversed on the law and facts, with ten dollars costs and disbursements, and the matter remitted to the Special Term to issue an order of alternative mandamus.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and matter remitted to the Special Term with directions to issue an order of alternative mandamus.